## ALBERT B. CURRIER vs. DANIEL S. JORDAN.
## SAME vs. SAME.

Essex. Jan. 28. — March 8, 1875. AMES & ENDICOTT, JJ., absent.

A plea, in an action for use and occupation, of a tender with a profert in court is a conclusive admission of the plaintiff's cause of action.

In an action on the Gen. Sts. *c.* 137, to recover possession of land, the defendant replied to the plaintiff's interrogatories that he claimed as tenant at will of the plaintiff by a contract with his agent at a certain rent, that he took possession and had received rent. The plaintiff's agent testified that neither he nor the plaintiff had let the premises to the defendant; that negotiations entered into had failed; that both knew that the defendant was assuming to let the premises to others and to take rent therefor. The defendant did not occupy the premises, or make any use of them except to let them to others. *Held,* that the judge who tried the case without a jury was warranted, upon this evidence, in finding that the defendant held the premises as tenant at will of the plaintiff, and in ruling that the action could not be maintained.

THE FIRST CASE was an action for the use and occupation of a certain lot of land with the buildings thereon in Lawrence. The plaintiff claimed $100. The answer admitted that the defendant was indebted to the plaintiff in the sum of $50 "for rent," alleged a tender on the day it became due and a profert in court, denied that the defendant owed a greater sum for rent, or for use and occupation, and alleged "that if the plaintiff shall prove that he occupied the premises of the plaintiff, he did so under a parol agreement with the plaintiff, by his (the plaintiff's) agent, by which the defendant was the tenant at will of the plaintiff, at a rent of fifty dollars per year."

THE SECOND CASE was an action on the Gen. Sts. *c.* 137, to recover possession of the same premises, alleged to be held by the defendant unlawfully and against the right of the plaintiff.

The two cases were tried together in the Superior Court, on appeal, without a jury, before *Lord,* J., who allowed a bill of exceptions in substance as follows:

It was admitted that the title to the premises was in the plaintiff. In answer to interrogatories proposed by the plaintiff, the defendant replied that he claimed under the plaintiff, as tenant at will, by a contract with Nathaniel Ambrose, the plaintiff's agent at a rent of $50 a year, and that he took possession of said land by his tenant on December 9, 1872, and had received $115 rent. The only witness offered by the plaintiff was Ambrose, whose

evidence was to the effect that neither he as agent of the plaintiff nor the plaintiff had ever let the premises to the defendant, that negotiations for letting had been entered upon, which failed, though both knew that the defendant was assuming to let the premises to others, and to take rent therefor. The evidence also showed that the defendant did not personally occupy the premises nor make any use of them except by letting them to others.

The judge ruled that no such actual possession was proved by the defendant as to entitle the plaintiff to recover upon an implied contract for use and occupation; and, there being no claim for rent in the declaration, that the action could not be maintained; that, as to the second case, no relation of landlord and tenant having been proved to have existed and been terminated, and no force having been proved in the original entry, and no detainer by force having been proved, that action could not be maintained. Verdicts were taken in conformity with the above rulings, and the plaintiff alleged exceptions.

*C. U. Bell*, for the plaintiff.

*W. S. Knox*, for the defendant.

MORTON, J. The first case is an action for use and occupation. The defendant pleaded a tender, with a profert *in curia*. This plea is a conclusive admission of the plaintiff's cause of action. For this reason, without considering the other questions raised, the ruling of the court, that " no such actual possession by the defendant was proved as to entitle the plaintiff to recover upon an implied contract for use and occupation, and there being no claim for rent in the declaration, the action could not be maintained," was erroneous.      *Exceptions sustained.*

The second case is an action under the Gen. Sts. *c.* 137, to recover possession of a lot of land in Lawrence. The case was tried by the court without a jury. It is not claimed that there was a forcible entry or detainer. The evidence warranted the presiding judge in finding that the defendant held the premises as tenant at will of the plaintiff, and that such tenancy had not been terminated by notice or otherwise, before this suit was brought. The bill of exceptions does not show any error in matter of law in the rulings of the presiding judge.

*Exceptions overruled.*