## JULIA DONOHUE *vs.* JAMES E. CHASE.

Essex. March 23. — June 23, 1885. COLBURN, J., absent.

Exceptions to the rulings of a master, to whom a bill in equity for the redemption of land from several mortgages has been referred, upon the allowance or disallowance of premiums paid for insurance and charged in the mortgagee's account, will be overruled, if the provisions of the mortgages relating to the insurance are not before the court.

If a mortgagee refuses to accept payment of the mortgage debt, bearing interest at a greater rate than six per cent, when tendered by the mortgagor, except upon compliance with an illegal demand, on a bill in equity to redeem from the mortgage, interest should be allowed the mortgagee only at six per cent from the time of the tender.

The sum paid by a mortgagee, upon taking possession of the premises, for water-rates due from the mortgagor, to prevent the supply of water from being cut off, is properly chargeable to the mortgagor in the mortgagee's account.

In the absence of proof of negligence or want of due diligence on the part of a mortgagee to procure rent for a tenement on the mortgaged premises, he is not chargeable with the same; and the fact that the mortgagee properly put the mortgagor out of the tenement, which thereafter for a time remained unoccupied, is not sufficient to charge the mortgagee with the rent.

BILL IN EQUITY to redeem certain premises in Haverhill from six mortgages, held by the defendant as assignee. Hearing, upon exceptions by both parties to the report of a master, before *Devens*, J., who reserved the case for the consideration of the full court. The facts appear in the opinion.

*C. G. Saunders*, for the plaintiff.

*C. P. Thompson & G. B. Ives*, for the defendant.

C. ALLEN, J. 1. In determining whether the premiums paid for insurance are a proper subject of charge in the mortgagee's account, it is necessary to know what was the contract between the parties, if any, in relation to insurance. It is stated by the counsel for the defendant, in his brief, that three of the mortgages held by the defendant contained provisions upon the subject, but none of the mortgages are before us. The case having been submitted on briefs, without oral arguments, there has been no opportunity to clear the matter up; and, as neither party has taken pains to bring before us the necessary facts, which an inspection of the mortgages would disclose, we have no means of determining whether the master's rulings on this subject were right or wrong. The exceptions of both parties as to the several items of insurance are therefore overruled.

2. It appeared from the master's report, that the rates of interest reserved in the mortgage notes varied from seven to twelve per cent. The master found that, on a certain date, the plaintiff procured an offer to be made, on her behalf, to the defendant to pay the amount due upon the notes, and that she had made arrangements to raise the money necessary therefor, and was prepared at that time to pay the amount due; and that the defendant refused to accept the same except upon the condition that the value of certain buildings belonging to the defendant, but annexed to the land, should also be paid to him. The master computed interest on the notes at six per cent from the date of this offer.

Interest at the rate of six per cent per annum is the amount with which, under the facts disclosed, the mortgagor should be charged after her offer to redeem. In an action to foreclose a mortgage, the conditional judgment is for the amount due according to equity and good conscience. *Holbrook* v. *Bliss*, 9 Allen, 69. In a bill to redeem, the amount to be paid is to be ascertained by the same rule. *Hart* v. *Goldsmith*, 1 Allen, 145, 148. *Freeland* v. *Freeland*, 102 Mass. 475, 480. Accordingly, in several cases, the mortgagor was held entitled to the benefit of the statutory penalty for usury, in reduction of the sum payable on his mortgage. *Hart* v. *Goldsmith*, above cited. *Minot* v. *Sawyer*, 8 Allen, 78. *Smith* v. *Robinson*, 10 Allen, 130. By the Pub. Sts. *c.* 181, § 22, " the person entitled to redeem shall pay or tender to the mortgagee, or to the person lawfully claiming or holding under him, the whole sum then due and payable on the mortgage, and shall perform or tender performance of every other condition contained therein." By § 23, " if the mortgagee or any person under him has had possession of the premises, he shall account for the rents and profits," &c. These acts by the mortgagor and mortgagee are to be concurrent. Until the mortgagee has rendered his account, the mortgagor cannot make a tender of money in the manner in which a tender is made for the mere purpose of paying a debt, the amount of which the debtor is presumed to know equally with the creditor. Wherever there are mutual and concurrent promises, or mutual and concurrent acts to be done, — as, for example, the payment of the price of land and the delivery of the deed, — the word " tender " does not mean the same kind of offer as when it is used in reference to the payment of a mere money debt. And so it has been often held. *Smith* v. *Lewis*, 26 Conn. 110. *Cook* v. *Doggett*, 2 Allen, 439. *Smith* v. *Boston & Maine Railroad*, 6 Allen, 262, 273. *Gormley* v. *Kyle*, 137 Mass. 189.

In the present case the plaintiff appears to have done all that was necessary to be done by her before receiving the account of the mortgagee. By the mortgagee's announcement that he would not accept the money except upon compliance with his illegal demand, he waived the necessity of anything further on her part. He was in fault; and it would be inequitable to allow him to

avail himself of his own wrongful act to secure the payment of an excessive rate of interest from the mortgagor, who had done all she could to pay off the mortgage, when he was not ready to accept the amount justly due to him. It may be asked why, then, the tender should not have the effect to stop all interest. The answer is, because the amount due was not ascertained, and the money was not put at the disposal of the mortgagee, and the mortgagor was not deprived of the use of it, and the mortgagee is still held responsible for the rents and profits received by him. Full justice, therefore, is done by the continuance of interest, reduced, however, to the legal rate, in case the contract calls for more. In *Union Institution for Savings* v. *Boston*, 129 Mass. 82, and *Brannon* v. *Hursell*, 112 Mass. 63, relied on by the defendant, no question arose as to the effect of an offer to pay by the mortgagor; and the decisions that the stipulated rate of interest should continue after breach have no application to the present case.

3. The defendant, on taking possession of the premises, found unpaid water-rates due from the plaintiff, and paid the sum due, in order, as may reasonably be inferred, to prevent the supply of water from being cut off, according to the rules of the aqueduct company. This method of supplying water to the building was, as it thus appears, in use by the plaintiff herself; and she may be supposed to have known the rules of the company. Under these circumstances, the defendant might properly pay the water-rates, and charge them to the plaintiff. It is urged in argument, that the use of the water was merely a convenience; but, in view of the fact that this method of obtaining water had the sanction of the plaintiff, we think it may fairly be deemed a necessity. *Saunders* v. *Frost*, 5 Pick. 259, 270.

4. It appears that the plaintiff gave an order on the defendant, in favor of one Maynard, for the whole amount of the defendant's indebtedness for rent to be due on a certain day; and the defendant paid Maynard $359.44 accordingly, which was to go in reduction of the plaintiff's mortgage debt to Maynard. Now the defendant, having become the assignee of the Maynard mortgages, seeks to have this sum reduced, by alleging that he paid Maynard too much; but the master found that he should be bound by the settlement. This presents a question of

fact. We see no question of law involved in this exception, and nothing to show that the finding was wrong.

5. The defendant properly put the plaintiff out of the rear tenement, which thereafter for a time remained unoccupied. The fact that he did so has no proper bearing on his liability to be charged for rent afterwards. The master does not state that the omission to receive rent for this tenement was by the defendant's neglect, or that he did not use due diligence to secure tenants. His finding does not appear to rest on these grounds. The report seems to state all the facts on which the finding rests; and, in the absence of proof of negligence or want of due diligence on the part of the mortgagee, he is not chargeable.

The account will be changed so far as is necessary in order to conform to this decision.          *Decree accordingly.*