LUTHER O. MARTIN *vs.* FREDERICK L. BARNES & others.

Worcester.    October 1, 1912. — February 26, 1913.

Present: MORTON, LORING, BRALEY, & DE COURCY, JJ.

*Equity Pleading and Practice,* Appeal.

On an appeal by the defendant from a decree for the plaintiff in a suit in equity for a recovery and an accounting as to certain personal property of which the plaintiff claimed to be the owner but the title to which stood in the name of the defendant, his wife, where the defendant alleged that the property was hers both by virtue of a decree in a suit for divorce instituted by her in another State and because it was given to her by the plaintiff, and also because the consideration for its purchase moved from her, the defendant also contending that the plaintiff's bill was barred by laches, it appeared upon facts found by a master that the defendant's contentions were unfounded, and, the evidence upon which the master made his findings not being reported and the findings not being plainly wrong, the decree, which was founded on the master's report, was affirmed.

MORTON, J.    This is a bill in equity in which the plaintiff seeks for a recovery and an accounting in respect to certain mortgage deeds and notes and certain bank shares of which he claims to be

the owner, but the title to which stands in the name of the defendant Viola F. Martin, his wife. The question is one of ownership between the plaintiff and his wife.

The plaintiff is a practising physician and formerly lived in Petersham in this Commonwealth. In 1898 he and his wife went to Colorado. While there, differences arose between them and they separated. He returned to this State and his wife remained in Colorado and obtained a divorce from him and an award of alimony which includes most, if not all, of the securities in question. She claims the securities by virtue of this award of alimony and also as a gift from her husband and because the consideration moved from her in whole or in part, and on other grounds. She also claims that the plaintiff has been guilty of laches in bringing his bill and is not entitled to relief. The case was sent to a master.* He found that the securities were the property of the plaintiff; that he paid the consideration therefor and that he never intended to give them and had not given them to his wife. He also found that the divorce obtained by her in Colorado was of no force and effect either as a divorce or an award of alimony, because, as he found, some time before and at the time of the divorce proceedings the plaintiff was domiciled in and was a resident of Springfield, Massachusetts, where he has since resided and where he now resides; that he never appeared himself and never authorized any one to appear for him in the divorce proceedings, and that the Colorado court had no jurisdiction over him or over any of the securities included in the award of alimony or named in the bill. He further found "on all the evidence that the plaintiff was not guilty of laches in bringing this suit."

The evidence is not reported, and the master was not obliged to report it even though requested to do so by the defendants. His findings are conclusive unless it appears from the report itself that they are plainly wrong. The question of laches is largely if not wholly one of fact. The same is true of the question of domicil and residence and of the question whether there was a gift of the securities by the plaintiff to his wife, or whether the consideration was furnished by the plaintiff or by his wife. There is nothing before us from which the correctness of the master's findings in

---

* Charles H. Sibley, Esquire.

regard to these matters can be determined.  So far as the defendant Viola F. Martin is concerned the statute of limitations did not begin to run in her favor until there was a repudiation by her of the trust which was brought home to the knowledge of the plaintiff.  *Davis* v. *Coburn,* 128 Mass. 377.  *Campbell* v. *Whoriskey,* 170 Mass. 63.  *Potter* v. *Kimball,* 186 Mass. 120.  It is not necessary to consider the question of *res adjudicata* raised as to the cases of Webb *v.* Martin and Martin *v.* Webb.*  So far as any question of law enters into any of the findings of the master there is nothing to show that he committed any error.  We interpret the decree † as not authorizing the issue of an execution with a capias against any of the female defendants.  As so interpreted the entry will be

*Decree affirmed with costs.*

*H. C. Joyner,* (*F. R. Shaw* with him,) for the defendants.
*J. Clark, Jr.,* (*W. H. King, Jr.,* with him,) for the plaintiff.

---

* The master found on this matter as follows: "I also find that as between the plaintiff, Luther O. Martin, and the defendant Viola F. Martin it has already been adjudicated by our Superior Court at Worcester in the county of Worcester and Commonwealth of Massachusetts in the cases of Elisha Webb *vs.* Luther O. Martin and Viola F. Martin, and Luther O. Martin *vs.* Elisha Webb and Viola F. Martin; that the Colorado court had no jurisdiction over Luther O. Martin because he never appeared for himself nor authorized any one else to appear for him in said proceedings brought by the defendant Viola F. Martin in the Colorado court."

† The final decree, which was ordered by *Pierce,* J., granted the relief sought by the plaintiff.  The defendants appealed.