VAHAN ANANIAN & others *vs.* SAMUEL M. MELKON & another.

Suffolk. March 7, 1918. — May 25, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Equity Pleading and Practice,* Appeal, Exceptions to master's report, Master. *Evidence. Mortgage,* Of real estate: foreclosure.

Where a suit in equity is referred to a master, to whose report the plaintiff files twenty objections and exceptions, the twentieth being an exception to a refusal to admit certain testimony, and, after a hearing, a judge files a memorandum stating that he sustained the seventeenth and overruled the other exceptions, and an interlocutory decree is entered sustaining the seventeenth exception and recommitting the suit to the master as to certain matters therein mentioned, from which decree no appeal is taken, if, after the filing of the master's supplemental report the suit is heard upon the master's reports and a final decree is entered confirming the reports and dismissing the bill, from which the plaintiff appeals, there is not brought to this court by such an appeal the question whether the exceptions of the plaintiff to the master's report should be sustained.

In this case, it appearing that the rule of reference of the suit to the master did not direct him to report any evidence, it was *said* that, all the exceptions other than the twentieth and the seventeenth being to findings of fact and to refusals to report evidence, they were overruled properly.

The twentieth exception was to a refusal of the master to admit in rebuttal testimony of a witness to the effect that the plaintiff previous to the bringing of the suit made statements to the witness consistent with those as to which he testified at the hearing; and it was *said* that the exclusion of the testimony was proper.

A statement in a notice of a sale in foreclosure of a mortgage of real estate, that the premises would be sold "subject to the amount unpaid on a prior mortgage of record of $5,500 . . . and all unpaid taxes, liens and assessments," does not make the sale invalid by reason of the fact that the amount due on the prior mortgage at the time of the notice was $5,275.

A suit in equity to have a second mortgage of real estate declared invalid because procured by fraud, to have a sale in foreclosure declared invalid because the plaintiff, the mortgagor, was not notified and the sale was carried out by a fraudulent conspiracy in which the purchaser shared, and to permit the plaintiff to redeem, properly was dismissed where it appeared from findings of a master confirmed by the trial judge that the facts were not as alleged in the bill.

BILL IN EQUITY, filed in the Superior Court on May 15, 1915, by the former owners of land with buildings thereon on Coolidge Hill Road in Watertown subject to a mortgage for $5,500 to the Cambridge Savings Bank and to a second mortgage for $500 to the defendant Melkon, alleging that the mortgage for $500 was obtained by Melkon by fraud and fraudulent misrepresentations, that Melkon had caused it to be foreclosed by public sale, that the sale was undertaken and carried out by Melkon in bad faith without notice to the plaintiffs and that the property was sold to the defendant Arakil, who, in conspiracy with Melkon, purchased in bad faith. The prayers of the bill were for a determination of the validity of the mortgage to Melkon, a declaration of the invalidity of the foreclosure sale and, if the mortgage were proved to be valid, that the plaintiff might be permitted to redeem.

The suit was referred to a master "to hear the parties and their evidence and report his findings to the court together with such facts and questions of law as either party may request."

The plaintiff filed twenty objections and exceptions to the master's report. The twentieth exception was to the exclusion of the following testimony, offered by the plaintiffs in rebuttal on the issue whether the plaintiffs had notice of the foreclosure proceedings:

The plaintiffs offered to prove in rebuttal, that Arakel Ananian,

one of the plaintiffs, after he had received the newspaper from the witness Rugg, and on the same day, went to see one Caragulian at the latter's home on Mount Auburn Street in Watertown, and that the said Caragulian would testify that Arakel Ananian did call on him on this particular Sunday with the newspaper given to Arakel by Mr. Rugg. That Arakel Ananian was in an excited and nervous state at the time; that Mr. Caragulian took charge of the matter. On the following day, which was Monday, he and Mr. Ananian consulted Mr. Sevasly, of counsel for the plaintiffs.

The witness Rugg would testify that, sometime in the latter part of April, or early in May, he was passing by the building on Coolidge Hill Road and saw one of the plaintiffs watching the property. The witness said to the plaintiff, "What are you doing here?" The plaintiff answered, "I am watching the property." The witness then said, "You are watching somebody else's property because I see by the paper that it has been foreclosed." The plaintiff then said that neither he nor his brother knew anything about it, and the witness told him to send his brother to him and that he would tell him all that he knew. On the following Sunday, which was a day or two after the conversation above set forth, Arakel Ananian, one of the plaintiffs, called to see the witness Rugg, and the witness informed him of the foreclosure. The witness looked for the papers in which the foreclosure notice had appeared. He found three copies of the newspaper, of which he gave one to Arakel Ananian. Arakel Ananian expressed surprise at what happened and said that he knew nothing about it.

The exceptions were heard by *Hardy*, J., who filed a memorandum reading as follows: "The fourteenth exception is sustained. The master should have reported material facts as to the notice as stated in objection numbered 14. Other exceptions overruled."

An interlocutory decree accordingly was entered sustaining the fourteenth exception and recommitting the suit to the master as stated in the opinion. There was no appeal from this decree.

From the findings of the master in his supplemental report, it appeared that the notice of the foreclosure sale stated: "Said premises will be sold subject to the amount unpaid on a prior mortgage of record of Fifty-five Hundred Dollars ($5,500.00), held by the Cambridge Savings Bank, and all unpaid taxes, liens and assess-

ments," and that at that time there was due on the prior mortgage $5,275.

Thereafter the suit was heard upon the pleadings and the two reports of the master by *Wait,* J., and a final decree was entered upon his order confirming the reports and dismissing the bill. The plaintiffs appealed.

*S. L. Bailen,* (*S. B. Stein* with him,) for the plaintiffs.

*C. J. Muldoon, Jr.,* for the defendants, was not called upon.

CARROLL, J. The plaintiffs in this bill in equity seek to set aside the foreclosure of a mortgage of real estate, held by the defendant Melkon, and to redeem the property therefrom. The case was referred to a master who found that the mortgage was given for a valuable consideration and was not obtained through fraud or misrepresentation; that the plaintiffs had notice of the foreclosure proceedings and could have protected their interest in the property if they so desired; that a proper notice of sale was published as required by law, and that the proceedings were in accordance with the requirements of the statute. He further found that the defendant Arakil was a *bona fide* purchaser for value at the foreclosure sale.

In the Superior Court the judge filed a memorandum overruling all the plaintiff's exceptions to the master's report except the fourteenth, and an interlocutory decree was entered sustaining this exception. The case was recommitted to the master to report, without further testimony, certain material evidence submitted to him at the hearing. No appeal was taken from the interlocutory decree. The master then made a supplemental report, and the final decree was entered confirming the report as submitted and ordering that the bill be dismissed, from which the plaintiffs appealed.

The interlocutory decree, sustaining but one of the plaintiff's exceptions, was not appealed from; even if the exceptions were before us, see *Craig* v. *Warner,* 216 Mass. 386, we find no reversible error in the conduct of the hearing. Many of the exceptions are to the master's refusal to report certain evidence and to his findings of fact. Under the reference he was not required to report the evidence, *Martin* v. *Barnes,* 214 Mass. 29, *Smith* v. *Lloyd,* 224 Mass. 173; and where it is not reported his findings are conclusive, *O'Brien* v. *Murphy,* 189 Mass. 353, 354.

The master excluded certain testimony offered by the plaintiffs in rebuttal, tending to show that one of the plaintiffs made statements consistent with those made at the hearing; the plaintiffs excepted. According to the memorandum of the presiding judge this was one of the exceptions intended by him to be overruled. But even if it were before us, the master was right in excluding the testimony: the statement of a witness made out of court, cannot be used to corroborate his testimony before the master. *Commonwealth* v. *Jenkins,* 10 Gray, 485. The evidence was not admissible within the exception to this rule allowing such evidence to be introduced where an attempt is made to impeach the witness, or where it is sought to discredit him by showing that his testimony was of recent invention or he was unduly influenced to testify as he did. See *Griffin* v. *Boston,* 188 Mass. 475; *Commonwealth* v. *Marshall,* 211 Mass. 86 and cases cited.

We discover no error in the notice of foreclosure. This case may be one of hardship for the plaintiffs; but according to the findings of the master, they were fully notified of the foreclosure proceedings and had ample opportunity to protect their rights, and there was evidence to support this conclusion. We cannot review the master's findings of fact.

*Decree affirmed.*