## No. 13,184.

BIRKBY ET AL. *v.* WILSON ET AL.

(19 P. [2d] 490)

Decided February 20, 1933.

Mr. ALFRED W. DULWEBER, Mr. LIONEL FISHER, for plaintiffs in error.

Mr. JOHN F. MAIL, for defendant in error Wilson.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

JOHN L. Birkby and others sued Chalkley A. Wilson and others in the district court of Morgan county to quiet

the title to certain real estate. The facts were stipulated. Defendants had a decree, a review of which is here sought.

The plaintiffs alleged title and possession in themselves, and adverse claim in defendants. Wilson answered, cross-complained, setting up a valid and unpaid mortgage and sought affirmative relief. Plaintiffs replied that this mortgage, dated November 20, 1919, securing promissory note due December 1, 1924, was barred by section 6392, C. L. of '21 and chapter 150, Session Laws of 1927 (effective March 28, 1927).

Plaintiffs' title consists of an admittedly void tax deed. The note secured by Wilson's mortgage was more than six years past due at the time this suit was started.

Assuming, but not deciding because unnecessary, that plaintiffs may raise the question, a single proposition is thus presented: Can Wilson urge his lien to redeem the land from the tax sale? An affirmative answer would be immediately forthcoming were it not for plaintiffs' claim that sections 27 and 42 of chapter 150, Session Laws of 1927, bar this right.

The act is entitled: ''An act concerning real property and to render titles to real property and to interests and estates therein, more safe, secure and marketable.''

The pertinent provisions of this chapter are:

''Section 16. No lien upon real property created by mortgage, trust deed or other instrument in writing, securing the payment of an indebtedness, shall remain a lien for a period longer than seven years after the last or final payment of the principal of the indebtedness, or the last instalment thereof secured thereby, is due and payable, * * *.''

''Section 17. Such mortgage, trust deed or other instrument may be extended and the lien and notice thereof renewed and continued in full force and effect in the following manner:

''An instrument in writing signed by the beneficiary or by the owner of the indebtedness secured, clearly de-

scribing such mortgage, trust deed or other lien, and setting forth the date to which the payment of the indebtedness has been extended, may be recorded in the office of the recorder of the county wherein the real estate is situate, at any time before the expiration of the seven year period described in the preceding paragraph. Upon the filing for record of such instrument, the lien of said mortgage, trust deed or other instrument, and notice thereof, shall continue and be in full force and effect for the future period of seven years from and after the date when the last or final payment of principal becomes due and payable as set forth in said extension agreement, * * * ,,

"Section 22. All mortgages, trust deeds or other instruments in writing creating liens as security for the payment of indebtedness, which shall be of record at the time this act goes into effect and in which the last or final payment therein provided shall then be past due, shall, for the purpose of this act, be considered as becoming due at the time this act goes into effect and the time for payment may be extended within seven years thereafter, in conformity with the provisions of this act; and if not so extended, such mortgages, trust deeds or other instruments shall, seven years after this act goes into effect, cease to constitute notice for any purpose, and thereafter purchasers or incumbrancers by way of mortgage, trust deed, judgment or otherwise, shall be not bound thereby; but nothing herein shall be construed as reviving or renewing any indebtedness barred by any other limitation statute."

"Section 27. The lien created by any instrument shall be extinguished, regardless of any other provision herein to the contrary notwithstanding, at the same time that the right to commence a suit to enforce payment of the indebtedness secured by the lien is barred by any statute of limitation of this state."

"Section 42. The limitations in this act established shall apply to causes of action which have accrued prior

to the time that this act becomes effective as well as to all causes of action accruing hereafter, provided, however, that all persons against whom any new limitation herein created shall have expired at the time this act goes into effect or shall expire within two years thereafter and against whom the previous limitation provided for by law has not expired or to whom the previous limitation did not apply, may commence an action within two years from the date that this act goes into effect and not thereafter, and provided further that this act shall not be construed as reviving any action barred by any former or other statute.''

Section 44 provides that the act ''shall be liberally construed and with the end in view of rendering such titles absolute and free from technical defects, and so that subsequent purchasers and incumbrancers by way of mortgage, judgment or otherwise, may rely on the record title, and so that the record title of the party in possession shall be sustained and not be defeated by technical or strict construction.''

''Section 51. * * * and all other acts and parts of acts in conflict with or inconsistent with this act are hereby repealed.''

At the time the act of 1927 became effective, Wilson owned a valid mortgage securing a past due indebtedness which would have been barred by the six year statute of limitations on December 1, 1930. By section 22, supra, this indebtedness automatically became due March 28, 1927, and was subject to extension for a period of seven years thereafter or at any time prior to March 28, 1934. At the time of the institution of this suit, June 12, 1931, defendant had about two years and nine months within which to file such extension.

Plaintiffs contend that the mortgage lien would have been extinguished on December 1, 1930, when the indebtedness was outlawed under the six year statute of limitations. They further contend that at that time more than two years had passed since the adoption of chapter

150, Session Laws of 1927, and that therefore, section 42 providing for a two year limitation period applied and barred the lien of defendants' mortgage; in other words, that the mortgage lien was extinguished on March 28, 1929, because suit to foreclose the same had not been instituted theretofore. We do not believe this interpretation to be tenable.

The purpose of this act was to make real estate titles "more safe, secure and marketable." To this end a liberal construction is required by section 44. In interpreting the act, it is necessary to construe its various sections harmoniously. Prior to the adoption of this act, a mortgagee had the right to institute a foreclosure suit notwithstanding the fact that the indebtedness thereby secured was then past due. *Folda Real Estate Co. v. Jacobsen*, 75 Colo. 16, 223 Pac. 748. Section 16 limits this right to seven years subject to extensions of seven year periods as provided by section 17. Section 22 permitted similar extensions of the indebtedness. To give section 27 the construction claimed by plaintiff would nullify the effect of sections 16, 17 and 22. To harmonize section 27 with sections 16, 17 and 22, it would appear reasonable to construe section 27 as meaning that unless a mortgagee keeps his lien alive under sections 16 and 17, and also keeps his indebtedness alive under section 22, his lien is extinguished under section 27 when "the right to commence a suit to enforce payment of the indebtedness secured by the lien is barred by any statute of limitation of this state."

Under this construction this action was not "barred by any statute of limitation of this state" and the lien of the mortgage was not extinguished because under section 22 the mortgagee had until March 28, 1934, within which to extend under sections 16, 17 and 22 not only the mortgage lien, but the indebtedness.

The expression in section 27 "by any statute of limitation of this state" must include this act itself. Otherwise, the use of the word "other" or a word of similar

import preceding the word ''statute'' would have been necessary.

In view of the foregoing, section 42 is not susceptible of the interpretation placed upon it by plaintiff because section 27 did not create ''any new limitation'' which expired within two years after the adoption of the act.

Therefore, we conclude that the mortgagee will not be barred from instituting a suit to foreclose his mortgage under this act until March 28, 1934, and then only in the event the lien of the mortgage and the indebtedness have not been kept alive pursuant to sections 16, 17 and 22; that defendants' cross-complaint is maintainable; that they may redeem the land from the questioned tax sale, and that the decree of the district court so determining was right.

Judgment affirmed.