DELPHIS REED & another *vs.* WILLIAM M. CAPE & another.

Worcester.   March 9, 1938. — March 29, 1938.

Present: RUGG, C.J., FIELD, LUMMUS, DOLAN, & COX, JJ.

*Equity Pleading and Practice,* Master: findings, exceptions to report.

No question of law was raised by exceptions to a master's report based on his failure to find facts or on findings not appearing from the report to have been wrong.

BILL IN EQUITY in the Superior Court, commenced by a writ of summons and attachment dated November 2, 1936.

The plaintiffs appealed from decrees entered by order of *Burns*, J.

*E. A. Brodeur*, for the plaintiffs.

No argument nor brief for the defendants.

Cox, J. The burden of the plaintiffs' bill of complaint is that the defendants obstructed a culvert through which the plaintiffs have a right of drainage and that, in consequence of the obstruction, they have suffered damage from the flooding of their premises. But the master, to whom the suit was referred, found adversely to the plaintiffs' claim that the defendants caused the obstruction. The evidence is not reported and the master's findings must be accepted as true, inasmuch as from the report itself they are not plainly wrong. *Martin* v. *Barnes*, 214 Mass. 29.

The plaintiffs appealed from the interlocutory decree, which overruled their exceptions to and confirmed the master's report, and from the final decree dismissing the bill. Both decrees were entered properly. The exceptions to the report are based upon findings of the master or upon his failure to find certain facts, and present no questions of law. *Cook* v. *Scheffreen*, 215 Mass. 444. *Colburn* v. *Hodgdon*, 241 Mass. 183, 190. *Cumberland Corp.* v. *Metropoulos*, 241 Mass. 491.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs.*