Carmino Altobelli *vs.* John Montesi & another.

Same *vs.* John Montesi.

Middlesex.    April 6, 1938. — May 26, 1938.

Present: Rugg, C.J., Lummus, Qua, Dolan, & Cox, JJ.

*Mortgage*, Of real estate: mortgage given by tenant in common, account-
ing by mortgagee in possession, redemption. *Joint Tenants and
Tenants in Common. Equity Jurisdiction*, To remove cloud on title.
*Equity Pleading and Practice*, Decree.

A mortgage of the interest of one of two tenants in common of real
estate does not affect the title of the other tenant in common and he
therefore is not entitled to maintain a suit in equity to remove it as
a cloud on his title, even if it be invalid.

In a suit in equity by the owner of the equity of redemption of an interest
as tenant in common of real estate for an accounting by a mortgagee
of that interest, who had taken possession for breach of condition,
and a determination of the amount necessary to be paid for redemp-
tion, no error appeared in credits allowed the mortgagee for insurance
premium payments, the record not disclosing what was the agree-
ment between the mortgagor and mortgagee on that subject; for
certain payments made to the holder of a prior mortgage; for pay-
ments of taxes made during the mortgagee's possession; and for
expenses of legal proceedings against tenants; but no credit should
have been allowed for legal expenses in a suit as to a mortgage of
the interest of the cotenant in common.

One who as the successful bidder at a sale in foreclosure of a mortgage
made a deposit required and then refused to consummate the sale
but purchased the interest of the mortgagor and sought an accounting
to ascertain what sum was necessary for redemption, was not entitled
to a credit of interest on his deposit in addition to a credit of the
principal.

Redraft by this court in accordance with the provisions of G. L. (Ter.
Ed.) c. 244, §§ 27, 29, of a final decree in a suit for redemption against
a mortgagee in possession of real estate.

Two bills in equity, filed in the Superior Court on July
9, and July 13, 1937.

The suits were heard on the pleadings and reports of a
master by *Beaudreau*, J.  From final decrees entered by his
order the plaintiff appealed.

*H. L. Metcalfe & A. T. Handverger*, for the plaintiff, submitted a brief.

*T. L. Thistle*, for the defendant John Montesi.

Cox, J. These are appeals by the plaintiff from final decrees in two suits in equity. Both suits were referred to the same master, who filed separate reports. From the admissions in the defendant Montesi's answer and the master's report in the first suit, the following facts appear. When one Antonio Vannicelli died, the title to a parcel of real estate, in Framingham, stood in his name and that of his brother, Angelo Vannicelli, a defendant, hereinafter referred to as Vannicelli, as tenants in common. On November 7, 1934, Vannicelli was appointed administrator of his brother Antonio's estate and qualified as such. On December 14, 1934, by decree of the Probate Court, Vannicelli, as administrator, was authorized to "join" in a mortgage of the real estate of the decedent in the sum of $500, for the purpose of paying debts, and on January 3, 1935, purporting to act under this decree, he, as administrator, executed a power of sale mortgage of an undivided half interest in the premises to the defendant Montesi to secure the payment of $500. There is a finding that he did not "join" in a mortgage as he was authorized to do under the decree of the Probate Court and that the mortgage is not in conformity with the decree. Prior to the filing of the petition asking for authority to "join" in a mortgage of the interest of the decedent, Vannicelli had applied to the defendant Montesi for a loan of $500 and, after some discussion, the latter had agreed to lend $1,000 on the entire premises. Upon the advice of a conveyancer, Vannicelli, on the same day that he, as administrator, executed the mortgage to the defendant Montesi, executed another mortgage for $500 to Montesi of his own undivided half interest. On January 28, 1937, the mortgages being in default, Montesi made an entry for the purpose of foreclosing them and advertised the premises for sales to be held on the same day for the purpose of foreclosing both mortgages. The sale under the mortgage executed by Vannicelli individually "was not completed," as appears more

fully in the report of the master in the second case. The mortgage executed by Vannicelli as administrator was foreclosed by sale to Montesi on March 6, 1937. Vannicelli conveyed his interest in the premises to the plaintiff on June 25, 1937.

The specific prayer in the plaintiff's bill in the first case is that Vannicelli's mortgage, as administrator, to Montesi and the foreclosure deed thereunder "be declared null and void and stricken from the record to remove the cloud upon the plaintiff's title." A decree was entered dismissing the bill with costs, and the plaintiff appealed.

The Probate Court had jurisdiction to authorize the administrator to mortgage the real estate of the decedent for the purpose of paying the debts. G. L. (Ter. Ed.) c. 202, § 28. One tenant in common may bind his own interest in the common property by mortgage, *Colton* v. *Smith*, 11 Pick. 311, *Torrey* v. *Cook*, 116 Mass. 163, *Drew* v. *Carroll*, 154 Mass. 181, 185, see *Roxbury Painting & Decorating Co.* v. *Nute*, 233 Mass. 112, 118; and a mortgage of a deceased cotenant's interest in land, if executed in accordance with the terms of a license granted by the Probate Court, would not affect the title of the surviving cotenant, *Drew* v. *Carroll*, 154 Mass. 181, 185, *Roxbury Painting & Decorating Co.* v. *Nute*, 233 Mass. 112, 118. If there is a breach of condition of such a mortgage and it is foreclosed properly, the purchaser becomes a tenant in common with the other cotenant. *Prince* v. *Shepard*, 9 Pick. 176, 186. A plaintiff, in order to maintain a bill to quiet title, must show that he has a record title which is injuriously affected. *Blanchard* v. *Lowell*, 177 Mass. 501. *First Baptist Church of Sharon* v. *Harper*, 191 Mass. 196. *Daley* v. *Daley, ante,* 17, 21. It is elementary that "Tenants in common are such as hold by several and distinct titles, but by unity of possession; because none knoweth his own severalty, and therefore they all occupy promiscuously. This tenancy therefore happens where there is a unity of possession merely, but perhaps an entire disunion of interest, of title, and of time." 2 Bl. Com. 191. *Silloway* v. *Brown,* 12 Allen, 30, 36. *Gage* v. *Gage,* 66 N. H. 282, 290. It is

unnecessary to consider the validity of the mortgage which the plaintiff seeks to have declared void. See *Wellman* v. *Lawrence*, 15 Mass. 326; *Litchfield* v. *Cudworth*, 15 Pick. 23, 31; *Crowley* v. *Hyde*, 116 Mass. 589, 591; *Justice* v. *Soderlund*, 225 Mass. 320, 323. The plaintiff's title is in no wise affected by the mortgage. His title in the common property remains unimpaired and he is not entitled to maintain the bill in the first case.

The second suit is for an accounting with Montesi of the amount due on the mortgage executed by Vannicelli, individually, of his undivided half of the premises in question, the plaintiff alleging that he desires to pay whatever is found due and to receive a discharge of the mortgage. The master finds that before Antonio Vannicelli died, he and his brother, as tenants in common, mortgaged the premises in question to the Home Owners' Loan Corporation "in the sum of about $3,500." The Montesi mortgages were subject to this mortgage. The facts are recited as to the giving of the two Montesi mortgages, their being in default, the entry to foreclose, the advertisements of the foreclosure sales and the sale to Montesi, as hereinbefore set out. Further findings are that Montesi made an open, peaceable and unopposed entry upon the premises and "took possession thereof under the terms and provisions of his mortgages." On the advertised day of the sales, and at the sale under the mortgage given by Vannicelli individually, the plaintiff made a bid of $1,300, and made a deposit of $200 as was required by the terms of the sale. "This sale was never consummated." The defendant prepared and was ready to deliver to the plaintiff a foreclosure deed but the plaintiff at no time was ready and willing to accept the deed and pay the balance of his bid. Vannicelli gave the plaintiff a deed of his interest in the premises on June 25, 1937. The account is stated and the balance found due the defendant is $880.04, credits being allowed the plaintiff for the amount of his deposit of $200 and for one half of the rents collected by the defendant while in possession of the premises. The trial judge evidently adopted this finding as to the amount due, as the final decree adjudges the plaintiff's

indebtedness to the defendant to be $880.04 together with interest thereon from July 3, 1937. The plaintiff objects to several items which go to make up this $880.04.

G. L. (Ter. Ed.) c. 244, § 20, provides: "If a mortgagee . . . has had possession of the land, he shall account for rents and profits, and be allowed for . . . all lawful taxes and assessments paid and for all other necessary expenses in the care and management of the land. A balance of such account, if due from him, shall be deducted from the debt due on the mortgage; if due to him, shall be added to the debt, and paid or tendered as such." Apart from statute it has been said that "a mortgagee, by taking possession for the purpose of foreclosure, imposes upon himself the duty of a provident owner." *Miller* v. *Lincoln,* 6 Gray, 556, 557.

The plaintiff objects to two items allowed the defendant of one half the amounts of premiums paid for policies of fire and public liability insurance covering the premises. We have the same difficulty as was expressed in *Donohue* v. *Chase,* 139 Mass. 407, of not knowing from the record what the contract, if any, between the mortgagor and the defendant .was, in relation to insurance. We cannot go outside that record, and there is nothing to show that the allowance of these items was wrong. *Martin* v. *Barnes,* 214 Mass.,29. *Cohen* v. *Silver,* 277 Mass. 230. See *City Institution For Savings* v. *Kelil,* 262 Mass. 302, 307. The finding of the master that "The defendant while mortgagee in possession and for the purpose of protecting his interest as mortgagee paid to the Home Owners' Loan Corporation, 1st mortgagee, the sum of $207.84, one-half of which he is entitled to be reimbursed for" cannot be said to be wrong from anything which appears in the report.

The master was right in allowing the defendant for one half of his payment of the taxes for the years 1935 and 1936 and for recording the tax collector's receipts. Both payments were made after the defendant took possession under his mortgages. G. L. (Ter. Ed.) c. 60, § 59. *Dooley* v. *Potter,* 146 Mass. 148. *City Institution For Savings* v. *Kelil,* 262 Mass. 302. See G. L. (Ter. Ed.) c. 60, §§ 85, 86; *Curtiss* v. *Sheffield,* 213 Mass. 239, 245. But there is

a slight error in the master's computation where he states that one half of $218.40 is $110.20. It should be $109.20.

The amounts, one half of the total in each instance, allowed for legal services and disbursements of the defendant in connection with a summary process proceeding against tenants of the premises were proper. *Hubbard* v. *Shaw,* 12 Allen, 120. G. L. (Ter. Ed.) c. 244, § 20. See *Donohue* v. *Chase,* 139 Mass. 407, 411. The case of *Dayton* v. *Brannelly,* 255 Mass. 551, is distinguishable.

The master allowed the defendant the sum of $30 for one half the amount paid to counsel in connection with a bill in equity brought by Angelo Vannicelli "in which Vannicelli sought to set aside the foreclosure sale to the defendant of March 6, 1937." This relates clearly to the foreclosure of the mortgage which is the subject matter of the first suit and has no connection with the mortgage which the plaintiff is seeking to redeem. And the fact, as found, that "The fee allowed was for services in connection with the plaintiff's petition to intervene in said equity proceedings" does not make the charge a proper one against the plaintiff. It should not have been included in the computation of the final decree. See *Bangs* v. *Fallon,* 179 Mass. 77.

The plaintiff complains that he should have been credited with the $200 which he deposited at the foreclosure sale on March 6, 1937, but which sale he failed to complete, as of the date of deposit, "thereby reducing the interest thereafter accruing on the note." We do not think this is so. The master found that although the defendant was ready to deliver a foreclosure deed of the premises, yet the plaintiff at no time was ready and willing to accept the deed and pay the balance of the bid made by him at the foreclosure sale. For all that appears, the only thing which saved the plaintiff from the forfeiture of his deposit, see *Donahue* v. *Parkman,* 161 Mass. 412, was his subsequent purchase of Vannicelli's interest in the premises. See *Dennett* v. *Perkins,* 214 Mass. 449.

Finally the plaintiff asserts that the rents collected by the defendant after he took possession under the mortgage should be credited as of the dates of their receipt, but the

record does not disclose the dates on which they were received. *Donohue* v. *Chase*, 139 Mass. 407. It would appear, however, that their credit as of July 3, 1937, was sufficiently favorable to the plaintiff.

The final decree that was entered in this second case requires consideration. It is provided by G. L. (Ter. Ed.) c. 244, § 27, that in a suit for redemption of a mortgage, "If the court finds the plaintiff entitled to redeem, it shall determine the amount due on the mortgage or what condition the plaintiff is bound to perform for the redemption of the land, and shall enter a decree that, upon payment of such amount or performance of such condition within such time as it shall order, the plaintiff shall have execution for possession of the land and shall hold it discharged of the mortgage." Section 29 provides that "The court may at the same time decree that, if the defendant neglects or refuses to accept the money or other act required by the decree to be paid or performed, the money shall be left for his use with the clerk of the court, or such other act done as the case requires; and the plaintiff, having performed all acts required by the decree, may have execution for possession of the land."

The decree in the case at bar should state that the amount due on the mortgage is $849.04, together with interest from July 3, 1937, to date of final decree (the amount of interest to be computed and added to the principal); that the plaintiff is entitled to redeem upon payment of the amount due, together with interest from date of final decree to date of payment, within thirty days from the date of entry of final decree, with costs taxed as in an action at law; that of this sum due, the clerk of the court be directed to pay to the defendant the sum of $700 which was deposited with him by the plaintiff on July 16, 1937, pursuant to a decree entered on that day; that upon the payment of said amount by the clerk as aforesaid and by the plaintiff of the balance (the amount to be stated) including interest and costs, the defendant be ordered to execute and deliver to the plaintiff a discharge of the mortgage and to cancel and deliver to the plaintiff the mortgage note secured thereby,

the plaintiff to have execution for possession of the land and to hold it discharged of the mortgage; that, if the defendant neglects or refuses to accept said payment, the sum to be deposited with the clerk of the court for his use, and the plaintiff to have execution for possession of the land; and that, in default of such payment or deposit, the bill to be dismissed with costs.

The decree in the first case is affirmed with costs.

*Ordered accordingly.*