IRVIN M. DAVIS vs. CONTINENTAL REALTY COMPANY.

Middlesex.    October 11, 1946. — November 12, 1946.

Present: FIELD, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Mortgage*, Of real estate: foreclosure, accounting after foreclosure. *Tender. Interest. Attorney at Law. Corporation*, Officers and agents.

A second mortgagee, in an accounting to a third mortgagee of the proceeds of a sale in foreclosure of the second mortgage, was properly credited in the circumstances with a sum which had been paid to the first mortgagee before the foreclosure as a reasonable measure for protection of the second mortgage and which, although paid by the second mortgagee's manager, had been paid under a guaranty of reimbursement by the second mortgagee whereby the manager had later been reimbursed.

A deposit made in court by the successful bidder at a mortgage foreclosure sale merely as security for payment of his bid in order to obtain a deed from the mortgagee, and not admitted by the depositor to be due to the mortgagee nor obtainable by the mortgagee until the court should decide certain accounting issues between the parties, was not a tender and did not relieve the depositor of liability to pay the mortgagee interest on a sum later found due to him from the depositor in the accounting.

One of the parties to an accounting was not relieved of paying interest on a sum found due to the other party merely because that sum was not all the other party claimed.

A corporate mortgagee, after foreclosing its mortgage by sale, was entitled to retain from the proceeds a sum paid by it to its president, an attorney, for legal services rendered to it in connection with the foreclosure in circumstances showing that both it and he intended that he should be paid.

BILL IN EQUITY, filed in the Superior Court on December 17, 1943.

The case was heard by *Donahue*, J.

In this court the case was submitted on briefs.

*I. M. Davis*, pro se.

*H. R. Bygrave & W. A. Reed*, for the defendant.

RONAN, J.    At the foreclosure sale of a second mortgage held by the defendant, the plaintiff, who held a third mortgage, bid $1,250 and paid $300, and the property was sold to him. A dispute arose as to certain charges made by

the defendant, principally as to an item of $195.90 claimed to have been paid to the first mortgagee, and an item of $100 for an attorney's fee for services rendered to the defendant in connection with the foreclosure of its mortgage. The plaintiff brought this bill in equity for an accounting, praying that, upon the payment of $950 to the clerk of the Superior Court "to be held by said clerk and paid over in accordance with the subsequent decrees" of that court, the defendant be ordered to execute and deliver to the plaintiff a deed conveying the real estate to him. It appears from the plaintiff's brief that he paid $1,000 to the clerk and that a deed of the premises was delivered to him. After a hearing, the judge made voluntary findings of fact which merely stated the account. He credited the defendant with the payment of $195.90, reduced the attorney's fee from $100 to $50, credited the plaintiff with the payment of $300, and found that the balance due from the plaintiff amounted to $854.55 with interest from December 17, 1943. The plaintiff appealed from a final decree ordering the clerk to pay out of the $1,000 the principal sum of $854.55 with interest and costs, in all amounting to $998.53, and to pay the remainder of $1,000 to the plaintiff.

There was no error in crediting the defendant with the payment of $195.90 to the first mortgagee. One Rockwell, the manager of the defendant, had acted as broker in the purchase of the premises by one Casey, and had assisted Casey in acquiring a first mortgage for $7,000 from a cooperative bank and a second mortgage for $850 from the defendant. Rockwell thereafter managed the property for Casey with whom he was friendly. He had made personal loans to Casey. Rockwell made payments amounting to $195.90 to the first mortgagee, and this amount was paid to him by check of the defendant the day before the foreclosure sale. The plaintiff contended that this was merely the reimbursement of Rockwell for a personal loan to Casey and could not be made a charge against the proceeds of the foreclosure sale. But there was evidence, which the judge impliedly believed, that these payments by Rockwell were made under a guaranty by the defendant to reim-

burse him. *Hallett* v. *Moore*, 282 Mass. 380, 393. We assume that the defendant's mortgage was in the statutory condition, G. L. (Ter. Ed.) c. 183, § 20, obligating Casey to pay the interest on the first mortgage. The fact that some of these payments were made to the first mortgagee a few days before they were due is immaterial because it is plain from the evidence that it was not reasonable to expect that any of these payments would be made by Casey. These payments could be found to be reasonably necessary for the protection of the defendant's mortgage and were properly credited to the defendant. *Sparhawk* v. *Wills*, 5 Gray, 423. *Fowley* v. *Palmer*, 5 Gray, 549. *Montague* v. *Boston & Albany Railroad*, 124 Mass. 242. *Dooley* v. *Potter*, 146 Mass. 148. *Bangs* v. *Fallon*, 179 Mass. 77. *Broadway National Bank* v. *Hayward*, 285 Mass. 459. *Wiggin* v. *Lowell Five Cent Savings Bank*, 299 Mass. 518. *Altobelli* v. *Montesi*, 300 Mass. 396.

The payment of $1,000 to the clerk did not constitute a tender and thereafter relieve the plaintiff from the payment of interest on the amount found due the defendant. In the first place, the plaintiff who had already paid $300 never admitted that he owed the defendant $1,000 more, which was the sum he paid into court apparently in order to secure a deed of the premises. His bid at the foreclosure sale was $1,250 and not $1,300. The deposit with the clerk was security for the payment for the conveyance to the plaintiff and it was not placed at the disposal of the defendant. The defendant could not obtain it but had to await the decision of the court as to what part of it was to be paid to the defendant. The evidence does not show that any tender was made at common law, under the statute or under the rules of court. G. L. (Ter. Ed.) c. 232, § 12. Rules 42 and 43 of the Superior Court (1932). *Currier* v. *Jordan*, 117 Mass. 260. *Noble* v. *Fagnant*, 162 Mass. 275. *Folsom* v. *Barrett*, 180 Mass. 439. *National Machine & Tool Co.* v. *Standard Shoe Machinery Co.* 181 Mass. 275. *Mondello* v. *Hanover Trust Co.* 252 Mass. 563. Although the plaintiff has had the use and enjoyment of the premises since they were conveyed to him by the defendant, the

defendant other than the initial deposit of $300 has received nothing for the conveyance. It has been deprived of the use of the purchase money and it would be unjust to deny interest in the amount found due it. The instant case comes within the general rule that, where the amount of a debt is unliquidated, the creditor is entitled to interest from the date of the writ or the filing of the bill of complaint. *Palmer* v. *Stockwell*, 9 Gray, 237. *Stimpson* v. *Green*, 13 Allen, 326. *Freeman* v. *Freeman*, 142 Mass. 98. *McGrimley* v. *Hill*, 232 Mass. 462. *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207. *Buckley & Scott Utilities, Inc.* v. *Petroleum Heat & Power Co.* 313 Mass. 498.

There is nothing in the plaintiff's contention that interest should not have been awarded to the defendant because the judge found that the defendant was not entitled to all it claimed. It is true that the defendant was awarded $50 less than it claimed, but it is also true that it was awarded $248.55 more than the plaintiff alleged was due from him. The delay in stating the account was not attributable to the defendant alone, and it did not thereby lose its right to interest. *Dodge* v. *Rockport*, 199 Mass. 274. *Royal Paper Box Co.* v. *Munro & Church Co.* 284 Mass. 446.

One Reed, an attorney, furnished legal services to the defendant in the foreclosure of the mortgage in question. The fact that Reed was the president of the defendant did not bar him from recovering compensation for these services where, as here, the evidence shows that he had acted as counsel for the defendant and that his services were performed in such circumstances that both he and the defendant intended that that payment should be made. *Bartlett* v. *Mystic River Corp.* 151 Mass. 433. *Fisk* v. *New England Tire & Supply Co.* 244 Mass. 364. *Calkins* v. *Wire Hardware Co.* 267 Mass. 52. *Shaw* v. *Harding,* 306 Mass. 441. The mortgagee, having incurred expenses for attorney's services, was entitled to be reimbursed for the amount found by the judge. *Phillips* v. *Vorenberg,* 259 Mass. 46, 72. *City Institution for Savings* v. *Kelil,* 262 Mass. 302, 308.

Costs were properly awarded to the defendant. The decree is to be modified bringing it down to date together with costs, and as modified it is affirmed.

*So ordered.*