Jeanette MARTINEZ, Plaintiff-Appellant and Cross-Appellee,

v.

CONTINENTAL ENTERPRISES, and Roy Myrick, d/b/a Continental Enterprises, Defendants-Appellees and Cross-Appellants.

No. 81CA1034.

Colorado Court of Appeals, Div. I.

Oct. 18, 1984.

Rehearing Denied Nov. 15, 1984.

Certiorari Granted March 25, 1985.

Stitt, Wittenbrink & Nieman, R.J. Wittenbrink, Westminster, for plaintiff-appellant and cross-appellee.

J.D. Pearson, Denver, for defendants-appellees and cross-appellants.

TURSI, Judge.

Plaintiff, Jeanette Martinez, appeals a judgment of the trial court granting defendant, Roy Myrick, d/b/a Continental Enterprises, a decree of foreclosure on property secured by a deed of trust which Martinez claims was barred because of Myrick's failure to commence a timely action. Myrick cross-appeals certain rulings of law made by the trial court and its dismissal of his counterclaim based upon abuse of process. We reverse and remand.

The critical questions presented in this appeal are whether an action to foreclose a deed of trust may be maintained where an affirmative action on the underlying note has been barred by the applicable statute of limitations, and what are the rights and liabilities of a beneficiary who, under a deed of trust, has entered into peaceful possession of the property secured.

In July 1967, relatives of Martinez executed a contract of sale and purchase with Myrick for a house located on Sheridan Boulevard. Martinez was made a party to the contract and, further, together with her relatives, executed a note secured by a , third deed of trust upon her home on Meade Street.

In January 1968, plaintiff and her relatives defaulted on the promissory note held by defendant. In early 1971, plaintiff's relatives vacated the Sheridan Boulevard house. Defendant took possession and resold the Sheridan Boulevard property in August 1971. Although the gross sale price exceeded the original note, because of interest and costs, a small deficiency remained. Defendant took no action to satisfy the deficiency. The deed of trust encumbering plaintiff's Meade Street house was not released.

In 1972, plaintiff vacated the Meade Street house and her mother gave the keys to defendant, who took possession. Defendant remained in possession of the property until he was ejected by plaintiff in October 1978. The ejectment was based upon a decree which plaintiff had obtained in an action to quiet title. Plaintiff used service by publication upon the defendant, even though there is strong evidence that she in fact knew where personal service could be obtained. This decree was vacated because it is undisputed that the motion for publication was unverified, and defendant then counterclaimed for foreclosure of the deed of trust and for damages because of abuse of process.

During his possession, defendant made monthly payments on the first and second deeds of trust securing the property, expended sums for repairs and improvements, and paid water and utility bills. Defendant has been making payments since his dispossession in October 1978 pursuant to a stipulation of the parties.

The trial court dismissed plaintiff's claims and defendant's claim of abuse of process. It permitted defendant to foreclose on the deed of trust, but offset the fair market rental value of the Meade Street house during defendant's possession against the indebtedness on the note. We conclude that the trial court erred in permitting defendant to foreclose on the deed of trust, and in dismissing defendant's claim for abuse of process.

I

Defendant, relying on § 38–40–105, C.R.S. (1982 Repl.Vol. 16A), contends that an action to foreclose a deed of trust may be brought any time within fifteen years of default on the underlying note. He argues that the language in § 38–40–112, C.R.S., is not intended to affect this fifteen year period. We disagree.

Section 38–40–112 provides:

"The lien created by any instrument shall be extinguished, regardless of any other provision in this article to the contrary, at the same time that the right to commence a suit to enforce payment of the indebtedness secured by the lien is barred by any statute of limitation of this state."

This statutory provision bars foreclosure or public sale under a deed of trust where an action on the underlying note is barred by the applicable statute of limitation. *Birkby v. Wilson,* 92 Colo. 281, 19 P.2d 490 (1933); *F. Storke & D. Sears, Colorado Security Law* § 83 (1955).

■ The statutory period for bringing an action on a promissory note in default is six years. Section 13–80–110, C.R.S. It is undisputed that plaintiff and her relatives defaulted on the promissory note in January 1968 and that defendant's action on the note was commenced in 1979. Since plaintiff raised the statute as an affirmative defense, defendant's action on the note is barred, his lien in the Meade Street property is extinguished, and foreclosure or public sale under the deed of trust is barred. Thus, the trial court erred in permitting defendant to foreclose the deed of trust.

## II

When property secured by a mortgage or a deed of trust has been abandoned by the owner, and the circumstances otherwise warrant the appointment of a receiver, the mortgagee or beneficiary may enter into peaceable possession in order to protect his security therein, without having previously filed an action for foreclosure or public sale. Section 38–39–112(1) and (2), C.R.S. (1982 Repl.Vol. 16A). *Fisher v. Norman Apartments, Inc.,* 101 Colo. 173, 72 P.2d 1092 (1937). This statute is an exception to § 38–35–117, which prohibits recovery of possession without foreclosure and sale.

■ Here, plaintiff abandoned the Meade Street house and surrendered possession to defendant. Plaintiff surrendered the house during the winter, because the furnace was inoperative. In addition, plaintiff ceased to make payments on two liens senior to defendant's. Therefore, defendant's entry into possession of the Meade Street house was consistent with his right to prevent "destruction, deterioration, or accumulation of prior liens." Section 38–39–112(1).

The trial court recognized the doctrine of mortgagee in possession; however, relying on *Malouff v. Midland Federal Savings & Loan Ass'n,* 181 Colo. 294, 509 P.2d 1240 (1973), it concluded that a mortgagee has only a reasonable time from the date of breach to institute foreclosure proceedings. The trial court found that a reasonable time expired on July 1, 1972, and concluded that from that date forward defendant's possession was wrongful. *Malouff* is inapposite.

*Malouff* concerns the construction of a due-on-sale clause which failed to state a time limit for its exercise and when failure to accelerate for breach of the due-on-sale clause may bar an action based on breach thereof. *Malouff* does not address the period of time within which a mortgagee in possession must institute foreclosure proceedings, and the trial court erred in so ruling.

■ Although there is no direct authority in Colorado, there is support in other jurisdictions for the proposition that a mortgagee in peaceful possession of the property secured may not be dispossessed by the mortgagor unless the debt is satisfied. *Kelso v. Norton,* 65 Kan. 778, 70 P. 896 (1902); *Cory v. Santa Ynez Land & Improvement Co.,* 151 Cal. 778, 91 P. 647 (1907). *See G. Osbourne, G. Nelson, & D. Whitman, Real Estate Finance Law* § 4.27 (1979). This right inures to the benefit of a mortgagee who has entered into possession prior to the extinguishment of the lien, *see* § 38–40–112, even though subsequently, the applicable statute of limitation bars an affirmative action on the note, as he may raise the unsatisfied promissory note as a defense to the mortgagor's action for possession. *Cory v. Santa Ynez Land & Improvement Co., supra; Real Estate Finance Law, supra,* at § 4.27 (fn 32). *See Ackmann v. Merchants Mortgage & Trust Corp.,* 645 P.2d 7 (Colo.1982).

■ As the trial court correctly ruled, where, as here, the mortgagee does not collect rent on the property, the mortgagor is entitled to an accounting and corresponding offset against the indebtedness on the note in the amount of the property's fair

market rental value during possession by the mortgagee. *See Real Estate Finance Law, supra,* at § 4.31. The mortgagee in possession is entitled to offset expenses incurred in preserving and maintaining the property during his possession against his liability for rents and profits. The mortgagee in possession is entitled to offset expenses incurred in satisfying utility and water charges due and owing at the time he takes possession, *see Donohue v. Chase,* 139 Mass. 407, 2 N.E. 84 (1885); in effecting repairs necessary to make the premises tenantable; in maintaining the premises; in paying property taxes and premiums for insurance covering the property, *see Real Estate Finance Law, supra* at §§ 4.32–34; and in making payments to protect the title to the property, including payment of senior liens. *See* § 38–39–112, C.R.S. (1982 Repl.Vol. 16A).

Here, plaintiff did not attempt to satisfy the note. The record establishes that defendant's entry into the property was peaceful. Therefore, plaintiff's claim for possession, if not otherwise barred, is contingent on payment of the amount due on the note subject to a proper accounting between the parties. *See Eisen v. Kostakos,* 116 N.J.Super. 358, 282 A.2d 421 (1971).

### III

Finally, defendant contends that the trial court committed error by inserting the element of malice into his claim for abuse of process. We agree with defendant that malice is not an element of a claim for abuse of process. *Aztec Sound Corp. v. Western States Leasing Co.,* 32 Colo.App. 248, 510 P.2d 897 (1973). Therefore, on remand, malice should be omitted as an element.

The remaining contentions presented by the parties are either without merit or, in light of our holding, need not be addressed. Further, we do not address other issues which may arise on retrial.

The trial court's judgment is reversed and the matter is remanded for an accounting consistent with the holdings herein, and for subsequent determination of the respective interests of the parties in the property.

SMITH and BABCOCK, JJ., concur.