# HENRY M. SHEPARD, Admr., etc.

*v.*

# THE NATIONAL BANK OF LAWRENCE COUNTY, PA.

1.  ADMINISTRATION—*judgment on claims after two years.* The statute limiting the time for the presentation of claims against estates of deceased persons, is not an absolute bar to the recovery of a judgment on claims not exhibited within two years from the grant of letters, but, in such cases, the judgment must be special, to be satisfied from property belonging to the estate subsequently discovered.

2.  SAME—*what is subsequently discovered estate.* The design of the statute is to allow creditors who have neglected to present their claims against an estate within two years, to have satisfaction of the same out of any property belonging to the estate, which had not been inventoried within two years from the granting of letters of administration or letters testamentary, which they can find and thus apply.·

3.  It makes no difference with the creditor's rights whether the estate not inventoried is discovered before or after he obtains his judgment, or the commencement of his suit, or whether he himself first finds such property. If discovered by the administrator and not inventoried or accounted for within two years, he will be entitled to have his claim paid out of the same.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was a claim filed by the defendant in error against the estate of Charles W. Ricketson, deceased, Henry M. Shepard being the administrator *de bonis non* of said estate. The claim was allowed in the county court of Cook county, and taken by appeal to the circuit court. The claim was not exhibited until after two years from the date of the first letters of administration granted.

On the trial of the appeal, the circuit court rendered judgment "that the said plaintiff do have and recover from the said defendant, as administrator as aforesaid, the sum of $15,244.43, to be paid by said administrator out of any assets of the estate of Charles W. Ricketson, deceased, discovered

subsequently to the 7th day of August, A. D. 1869, including therein such assets as said administrator may have since that time inventoried upon his own discovery thereof." The administrator appealed from this judgment.

It appeared that letters of administration on the estate were first granted to B. F. Quimby, by the county court of Cook county; that said letters were revoked May 8, 1868, on the production of the will of the deceased, and letters *de bonis non*, with the will annexed, issued to Henry M. Shepard; and on February 4, 1870, the administrator *de bonis non* filed in the county court of Cook county an additional inventory of real estate not included in any prior inventory, interests of which Ricketson died possessed, and of which the administrator had up to that time been ignorant.

Messrs. FULLER & SMITH, for the plaintiff in error.

Mr. R. RIDDLE ROBERTS, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

Plaintiff in error seems to place much stress on the word "find," as used in section 115 of the Statute of Wills, a construction of which he is seeking by this proceeding. It appears the administrator himself found certain interests in the county of Cook in February, 1870. In May, 1870, notice of the claim in question was given to the administrator. Letters of administration had been issued to one Quimby on the 7th of August, 1867, and the question arises, did the circuit court decide correctly in allowing this claim to be paid out of the assets discovered since August 7, 1869, which would complete the two years after the grant of the first letters of administration, irrespective of the fact by whom the assets were discovered, whether by the defendant in error or by the administrator.

It is admitted by the plaintiff in error that the construction put by this court on this section, in the case of *Bradford*

v. *Jones*, 17 Ill. 93, settles it against the view for which he contends, but he suggests that none of the considerations he has presented were suggested by the facts in that case.

The statute provides that "all demands not exhibited within two years shall be forever barred, unless such creditor shall find other estate of the deceased not inventoried or accounted for by the executor or administrator."

The court had decided, in *Thorn* v. *Watson*, 5 Gilm. 26, that this statute was not an absolute bar to the recovery of a judgment, but that it must be a special judgment, the satisfaction of which can only be sought from property belonging to the estate subsequently discovered, and determining with more precision what property falls within this description, the court say, upon this point the meaning of the statute is very plain.

The law requires, by section 81, the executor or administrator to make out and file with the probate court an inventory of the estate, both real and personal, which shall come to his possession or knowledge; and, by section 89, he is required to file further inventories of debts and liabilities, as occasion may require, so that the records of that court may present as fully the condition of the estate as is known to the executor or administrator.

The court say, it was evidently the intention of the statute to allow creditors who had neglected to present their claims against the estate within two years, to seek satisfaction out of any property belonging to the estate which had not thus been inventoried, which they can find and thus apply, assuming, as the law might well assume, that the inventories would show all of which the executor or administrator had any knowledge. It is a matter of no moment, and can make no difference with the creditor's rights, whether the estate not inventoried is discovered before or after he obtains his judgment, or even the commencement of his suit, or even whether he himself first finds such property. The test provided by the statute is, whether it has been inventoried or accounted for

by the executor or administrator. If it has not been, and he can find or get hold of it, he is entitled to have it applied to the payment of his debt in the mode pointed out by the statute.

The idea that the creditor himself must discover the property, and if the executor or administrator, or any one else, before the creditor discovers it, the creditor should not resort to it, is disposed of by saying this would present an impracticable issue, and one not contemplated by law. Of course, the creditor can not seek satisfaction out of such subsequently discovered estate until he finds or discovers it. In most cases such property must be in the knowledge of somebody, and possibly in the knowledge of the executor or administrator; but, when the creditor discovers or finds it, the law has secured him the benefit of it. It then becomes subsequently discovered estate, within the meaning and language of the law.

We do not perceive anything in this record to withdraw it from the control of the case cited. Though this may be merely an auxiliary administration, the assets found in this State must be appropriated according to the law of this State.

The judgment of the court below is affirmed.

*Judgment affirmed.*