SULLIVAN v. SHEETS ET AL.

1. ADMINISTRATION—STATUTE OF NONCLAIM.

The statute (Mills' An. Stats., sec. 4780) providing that claims against the estate of a deceased person not exhibited within one year shall be barred, unless the creditor shall find uninventoried assets, does not apply to claims secured by mortgage or deed of trust, when the creditor relies solely upon the property covered by his lien and relinquishes all claim against the general assets of the estate.

2. SAME.

A creditor whose claim against the estate of a deceased person is secured by a mortgage or deed of trust, but which was not presented, proved or allowed until after more than one year from adjustment day, may nevertheless foreclose the deed of trust.

3. SAME.

A foreclosure of a mortgage or deed of trust given by a decedent can be had within one year after his death only by permission of the county court having charge of the estate; and before a foreclosure can be had in any case, although more than a year may have elapsed, the debt or claim secured must be presented to and allowed by that court.

*Error to the County Court of La Plata County.*

THE matters here in controversy are now before this court for the second time. See *Reid v. Sullivan*, 20 Colo. 498.

In the former case Sullivan, the holder of certain secured notes, brought his action in the district court for the purpose of foreclosing upon certain deeds of trust; such action having been brought before the claims forming the basis of the action were presented for probate. The district court sustained the proceeding and rendered a judgment in favor of plaintiff.

Upon review in this court, it was held that the statute of nonclaims does not apply to claims secured by deeds of trust. It was further decided that section 4783 of Mills' Annotated Statutes did apply.

Upon that case being remanded to the district court, it was dismissed upon motion of the plaintiff, whereupon he pre-

sented his claim for probate to the county court of La Plata, this being the court having jurisdiction of the estate of the decedent. Thereafter a hearing was had, which resulted in the allowance of plaintiff's claim in the sum of $14,649.07. It was further found that this claim was secured by the decedent during his lifetime upon certain of his real property. It was, however, expressly adjudged in the county court that the claimant could not participate in any property or assets inventoried or accounted for in said estate within one year from the granting of letters of administration on said estate, but that such claim could be satisfied only out of newly discovered and inventoried assets of the estate.

To this latter part of the judgment the petitioner excepted, and brings the case here for review upon writ of error.

Messrs. WELLS, TAYLOR & TAYLOR, for plaintiff in error.

No appearance for defendants in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

Is a security creditor deprived of the benefit of his lien in case his claim is not presented to the court of probate until after the date set and advertised for the presentation of claims, in cases where more than one year has elapsed since the death of the decedent, but where such claim is presented and allowed while the estate is still in process of settlement, and before the final discharge of the administrator?

The claim not having been presented to the county court for allowance prior to the former review, this question was expressly left undetermined. After that opinion was rendered, plaintiff in error at once took steps to present his claims to the county court of La Plata county, sitting for the transaction of probate business. Notice of such presentation having been previously given, the court allowed the claim, but as a part of its judgment deprived the creditor of the benefit of his security.

As the case is now submitted by plaintiff in error, *ex parte*, we are not advised of the grounds upon which the lower court rested its decision. Presumably it was based upon the following statute: " All demands not exhibited within one year, shall be forever barred, unless such creditor shall find other estate of the deceased not inventoried." Mills' An. Stats., sec. 4780.

This statute, however, does not apply to claims secured by mortgage or deed of trust, where the creditor relies solely upon the property covered by his lien, and relinquishes all claim against the general inventoried assets of the estate. This was expressly held upon the former review. *Reid v. Sullivan, supra.*

The claim not being subject to the bar of the general statutes of limitations, the only other statute necessary to be considered is the act of 1885 as amended in 1889:

" Creditors of any estate whose debts or claims are secured by mortgage or deed of trust on real estate, or by chattel mortgage or other security on personal property, shall not be allowed to foreclose such mortgage, deed of trust, chattel mortgage or other security, within one year from the death of the testator or intestate, unless by the permission of the county court having charge of the estate, and in no event until their debts or claims have been first proved and allowed by such court; *Provided,* That the lien of any such creditor having security upon personal property, as aforesaid, shall not be impaired by such suspension of his remedy."

Prior to the adoption of this statute, claims secured by incumbrances could, under the power of sale usually embraced in such instruments, be enforced at any time after default, and where such default occurred shortly before the death of the owner of the property or shortly afterwards, creditors frequently enforced a sale of the property before the representatives of the decedent had an opportunity to advise themselves of the condition of the estate, or to in any way provide for the payment of the claim. This often resulted in serious loss to the estate, as the property given as security

for the debt would be sold at much less than its real value, and the creditor would then present his claim for the residue to the probate court, to be paid out of the general assets of the estate.

It was, we think, to remedy this evil, as well as to protect the estate from fraudulent claims, that the act under consideration was passed, and we are of the opinion that the legislature, while desirous of preventing the precipitate and unjust enforcement of liens created by mortgages or deeds of trust, did not intend to unreasonably embarrass creditors in the enforcement of such liens.

Under the statute a foreclosure can only be had within one year from the death of the testator or intestate by permission of the county court, and before a foreclosure can be had in any case, although one year may have elapsed, the debt or claim secured must be presented and allowed by such court. The time within which such claims may be allowed is not fixed by statute, and we are of the opinion that where, as here, the claim is presented before the discharge of the administrator, and while the estate is still in process of administration, is a sufficient compliance with the statute. The claims having been properly allowed, there does not appear to be any reason why the trustee should not proceed to sell under the deed of trust.

And in so far, therefore, as the judgment of the county court undertakes to confine the creditor to the newly discovered assets of the estate, and deprive him of the lien created by deeds of trust, it is erroneous, and will be reversed, with directions to the county court to modify its judgment in this regard in accordance with this opinion. In all other particulars the judgment of the county court is affirmed.

*Judgment modified.*