[No. 3745.]

## TOWNSEND v. THOMPSON, EXECUTRIX.

1. ADMINISTRATION—STATUTE—SECURED CLAIM.

The statute of nonclaims (Mills' Ann. Stats. sec. 4780) providing that all demands not exhibited within one year shall be forever barred unless the creditor shall find other property of the deceased not inventoried, does not apply to a claim secured by deed of trust.

2. SAME.

Claim presented after one year, if not secured, should be paid *pro rata* out of property discovered after the expiration of one year, whether discovered before or after the claim was allowed, either by the claimant, the executor, or some other person. If secured by deed of trust, the proper proceeding is to allow a foreclosure and sale of the incumbered property, and if the proceeds are insufficient to pay the claim as allowed, to provide for satisfying the deficiency *pro rata* out of any property discovered as aforesaid after the expiration of the year.

3. SAME—FORECLOSURE.

After the expiration of one year allowed for presenting claims against an estate, no order of court was necessary to authorize a claimant to proceed to foreclosure of a deed of trust. The only condition precedent of the right of foreclosure under the law of 1889 was the allowance of his claim. The amendment to that law is not considered.

*Error to the County Court of Fremont County.*

Messrs. BARNES & BARNES, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

The plaintiff in error, as claimant in the county court, exhibited his claim against the estate after the expiration of more than one year from the granting of letters testamentary. It consisted of a promissory note given by the testator, secured by a trust deed upon three mining claims owned by him. There is no dispute as to the facts. The executrix

admitted the genuineness ·and maturity of the note. The court so determined, and it further appearing, as conceded, that the same had not been presented within one year, that the mining claims were included in the inventory of the estate property filed within that period, and that the claim-ant had not found other property belonging to the estate not inventoried by the executrix, entered judgment provid-ing for its payment only out of such assets of the estate as may be discovered by the claimant, and not out of any prop-erty inventoried or accounted for by the executrix, either before or after the expiration of one year.

This judgment is wrong and contrary to several decisions of this court. The statute of nonclaims does not apply to a claim secured by a deed of trust. *Reid v. Sullivan*, 20 Colo. 498.

The claimant does not seek satisfaction of his judgment out of property inventoried and accounted for by the execu-trix within one year after letters testamentary were granted, other than that included in the deed of trust. Were this an unsecured claim, the proper judgment would be that it be satisfied *pro rata* out of property discovered after the expi-ration of one year, whether discovered before or after the claim was allowed, either by the claimant, the executrix, or some other person. *McClure v. La Plata Co.*, 23 Colo. 130, and cases cited; *Shepard v. Nat. Bank*, 67 Ill. 292.

As the claim was secured by a deed of trust, it was error for the court in entering judgment to prohibit the claimant from proceeding to sell the property covered by his lien. Indeed, no order of the court for that specific purpose was necessary after the expiration of one year. After that time, the only condition precedent of the right of the claimant to a foreclosure was the allowance of his claim. Mills' Ann. Stats. sec. 4783 (Session Laws, 1889, p. 474) and cases *supra*. But the claimant prayed for an order permitting him to fore-close, and the court, by withdrawing from the satisfaction of the judgment the property constituting the specific lien, in effect denied this unquestioned right, and its judgment

in that respect is erroneous, and should be set aside. *Sullivan v. Sheets*, 22 Colo. 153.

The proper judgment to be rendered where a claim of this kind is exhibited, as in this case, is to allow a foreclosure and sale of the incumbered property, and if the proceeds thereof are insufficient to pay the claim as allowed, to provide further that the claimant may *pro rata* satisfy the deficiency out of any property of the estate discovered after the expiration of the one year allowed to an executor to inventory the property, whether the same be discovered by the personal representative, the claimant, or some other person. Property, other than that covered by the lien, which is discovered and inventoried by the executrix within the year, of course, must not be applied to the satisfaction of any part of this claim.

The judgment, therefore, is reversed, and the cause remanded with instructions to the county court to vacate its former judgment and enter judgment *nunc pro tunc* in accordance with the views expressed in this opinion.

*Reversed.*