No. 22332.

M. S. BERMAN, TRUSTEE, AND MARVIN H. RADETSKY *v.* SINCLAIR REFINING CO., A MAINE CORPORATION, AND RUSSELL HOLSE.
(451 P.2d 742)

Decided March 10, 1969.

JAMES B. RADETSKY, G. GORDON WHITMAN, JULES ORN-STEIN, for plaintiffs in error.

AKOLT, SHEPHERD & DICK, JOHN P. AKOLT, STUART S. GUNCKEL, for defendant in error Sinclair Refining Co.

*In Department.*

Opinion by MR. JUSTICE MOORE.*

ON June 9, 1964, an action in forcible entry and detainer was brought in the municipal court of Denver by M. S. Berman, Trustee, against the Sinclair Refining Co. and Russell Holse, by which Berman sought possession of real property being operated as a filling station by the named defendants at the intersection of South Holly and East Florida streets in Denver.

On June 22, 1964, the municipal court entered judgment in favor of the defendants, and Berman appealed to the superior court where the case was docketed on June 22, 1964. The case was set for a trial to be held on February 16, 1965, but six days prior thereto the superior court granted a motion filed by Berman in which he requested that Marvin H. Radetsky be joined as a party plaintiff in the action. It was alleged in this motion that Berman held the record title to the property in question, but that "the equitable owner thereof is Marvin H. Radetsky who is a party necessary in order to afford complete relief herein." The motion was granted over objections made by counsel for Sinclair.

After two continuances the case was set to be tried on December 3, 1965. Nine days prior thereto Marvin H. Radetsky filed his "complaint." We note that this action was taken sixteen months after the appeal was filed, and more than nine months after the motion to join Radetsky as a party plaintiff was granted.

*Retired Supreme Court Justice sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

On December 3, 1965, Sinclair moved to strike Radetsky's complaint. The motion was granted. The court indicated that, due to an earlier order making Radetsky a party plaintiff, the "party is properly in the case, but he has failed to actually appear by way of proper complaint, as the file stands at this time." Thereupon the attorney for Berman stated,

"We would ask leave to enter an appearance on behalf of Marvin H. Radetsky by adopting the pleadings of the plaintiff in the action as instituted in the municipal court." The court granted this request.

Counsel for Sinclair Refining Co. moved the court to dismiss the action and to enter judgment in favor of Sinclair as to M. S. Berman and also as to Marvin H. Radetsky for the reason that, pursuant to stipulated facts concerning events which happened after the case was docketed in the superior court, the action could not be maintained by either Radetsky or Berman. The motions for dismissal were in the following language:

"MR. AKOLT: The defendant, Sinclair Refining Company moves to dismiss the M. S. Berman complaint and to enter judgment for Sinclair Refining Company as against M. S. Berman upon the grounds that it has been admitted and stated by counsel for the two plaintiffs during this hearing, that on August 31 of 1965, M. S. Berman conveyed the subject property to Marvin H. Radetsky by warranty deed of that date. From that, it was necessary to follow, that M. S. Berman would not be entitled to possession and the action is moot as far as M. S. Berman is concerned. This action does not involve the payment of rent. It involves merely the right of possession, so far as Mr. M. S. Berman is concerned, the action based upon admissions of counsel in here, as to the conveyance from Berman to Radetsky, the action is moot as to Berman.

"Sinclair Refining Company further moves to dismiss the action insofar as Marvin H. Radetsky is concerned, and enter judgment against him upon the grounds that

admittedly, if the action should remain before the Court, it would have to be tried upon the complaint of M. S. Berman as filed in the Justice of the Peace Court, and that complaint shows that the grounds of default relied upon, all occurred prior to the time of August 31, 1965, conveyance from Berman to Radetsky. The law being that a purchaser, grantee of property cannot base a default upon something which occurred prior to the time that grantee acquired title. It thus appears as far as this possessory action is concerned, that neither M. S. Berman nor Marvin H. Radetsky is entitled to maintain this procedure."

Counsel for Berman and Radetsky responded to this motion as follows, *inter alia:*

"* * * We must assume title, for the purpose of this motion, there was in fact a default. The person to whom the default was made, or the then owner of the property was entitled to possession, and the forcible entry detainer action was the means by which possession was sought, as is shown by the record here, and has been stipulated by counsel, M. S. Berman was the record owner at the time of the alleged default. Now, then, Mr. Berman had a right to bring this action. Now, if I understand the position of the defendant, they say that when M. S. Berman conveyed the property, his right to possession ceased. If that is the case, someone else acquired the right to possession, and the right to possession continues. Someone has always been entitled to possession of this property, if there was in fact a default, so that one or the other of these plaintiffs, and this is a matter to be developed at the trial, and argued upon conclusion of the trial, or perhaps by briefs submitted to the Court, if a default be shown, one or the other of these plaintiffs is entitled to possession."

The trial court without further trial granted the motion to dismiss the action as to both Berman and Radetsky. The written order contains the following pertinent language, *inter alia:*

"During the hearing on the above Motions counsel for

the Plaintiffs and the Defendant Sinclair Refining Company stated and admitted that any trial de novo in this Court should be based upon the Complaint and Answer filed in the Justice of the Peace Court.

"Counsel for the Plaintiffs and the Defendant Sinclair Refining Company also orally stipulated at the hearing that, from December 4, 1963, to August 31, 1965, the record title to the property which is the subject matter of this action was vested in M. S. Berman and that on August 31, 1965, M. S. Berman executed and delivered to Marvin H. Radetsky a Warranty Deed conveying said property to Marvin H. Radetsky."

The Conclusions of Law entered by the trial court contained the following:

"2. Because of his August 31, 1965, conveyance to Radetsky, the Plaintiff Berman would not be entitled to a Judgment granting him possession of the property covered by the subject lease, and the action is moot in so far as Berman is concerned and should be dismissed in so far as he is Plaintiff.

"3. The Plaintiff Radetsky would not be entitled to Judgment in this Court because any trial in this Court would be based upon the pleadings filed in the Justice of the Peace Court which alleged defaults under the lease by Sinclair Refining Company, all of which occurred prior to the August 31, 1965, conveyance from Berman to Radetsky. A grantee, such as Radetsky, cannot claim right of possession based upon defaults under a lease, which defaults occurred prior to the time he acquired title. The action should, therefore, also be dismissed as to the Plaintiff Radetsky."

The action of the superior court in granting the motion filed by Berman in February 1965, asking that Radetsky be joined as a party plaintiff, has significance. The ground upon which the motion was based was that Radetsky was the equitable owner of the property and that Berman's record title was held in trust for Radetsky. Upon this sole ground the court permitted Radetsky to become a

party plaintiff. The stipulation to which the parties agreed was to the effect that a warranty deed had been delivered from Berman, the record title holder who was actually a trustee, to Radetsky who was the beneficiary of the trust and the equitable owner of the property.

Any benefits to be derived from a successful prosecution of the action would be ultimately enjoyed by Radetsky. The issue of fact to be determined was whether on the date the case was first filed in municipal court there had been a default by Sinclair warranting eviction from the premises. That issue of fact remains undetermined. If such a default in fact had occurred when the action was filed Sinclair was thereafter unlawfully in possession of the property, and Berman, or Radetsky as the equitable owner of the property, would be entitled to possession.

For purposes of this case we must assume that Sinclair had failed to pay rent and that it was in default and subject to eviction when the action was commenced. That the complaint states a cause of action is not seriously questioned. Under the allegations of the complaint, *someone* was entitled to maintain this action on the date of its filing. Clearly, on that date, that someone was M. S. Berman the then record owner of the property. A right of action in him then existed, and, indulging in the aforementioned presumption, a cause of action likewise existed. The facts giving rise thereto were in existence and cannot be changed. Yet the court has ruled that neither the right nor the cause of action any longer exists — that they have vanished.

■ Forgetting for the moment that Radetsky was the equitable owner of the property, his advent as new legal title owner of the property did nothing to alter the preexisting facts. The court expressly held that Berman's conveyance to him did not transfer any right to possession. In so doing the court erred. It is elementary that a grantor conveys his entire right, title and interest, subject, of course, to any outstanding leases or encumbrances.

338

*Rabe v. Thrasher*, 29 Tenn. App. 419, 197 S.W.2d 1; *First National Bank of Kansas City v. Kavorinos*, 364 Mo. 947, 270 S.W.2d 23. Here, there was an outstanding lease. Its validity and the rights of defendant in error thereunder were the subject of the pending suit. The right to possession under the lease was awaiting determination as of the date of the institution of that suit. Clearly, then, the effect of Berman's conveyance is dependent upon the outcome of the action.

In conclusion we direct attention to a statement of the general rule as stated in 47 A.L.R.2d 1175, which we apply to the facts disclosed by the record in this case: "The cases in this section involve the situation in which the landowner, at the time of the commencement of forcible detainer or a similar summary possessory action, was the fee simple owner of the premises, but during the pendency of the action he conveyed the property to a third person, this being done before final judgment was rendered in the case.

*"Under such circumstances the original landowner is held to have a right to maintain the action at its commencement, and such right is not lost by a conveyance during the pendency of the suit."* (Emphasis added.)

The judgment is reversed and the cause remanded with directions to proceed to trial upon the merits.

MR. JUSTICE DAY, MR. JUSTICE KELLEY and MR. JUSTICE LEE concur.