477 P.2d 468 (1970)
Ruth M. VEATCH, Jack Frost, Boulder Canyon Development Corporation, a Colorado corporation, and Jarveata Corporation, Inc., a Florida corporation, Plaintiffs in Error,
v.
PHILIP J. LASKY, INC., a Colorado corporation, Defendant in Error.
No. 70-295, (Supreme Court No. 23648.)
Colorado Court of Appeals, Div. I.
November 17, 1970.
Berger, Rothstein & Gehler, David Berger, Commerce City, for plaintiffs in error.
Jackson M. Seawell, Thomas C. Seawell, Bruce Ducker, Denver, for defendant in error.
Selected for Official Publication.
DWYER, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The parties will be referred to as they appeared in the trial court where plaintiffs in error were defendants and defendant in error was plaintiff.
Defendants were the owners of a commercial building and the land on which it was constructed in Boulder, Colorado. The property was encumbered by a deed of trust and was sold on foreclosure by the public trustee. On the day defendants' redemption rights were to expire, the parties entered into an agreement for the sale to plaintiff of defendants' rights of redemption. The parties agreed that the property would be conveyed subject to various leases then in effect.
At the time these leases were executed, the lessees, as required by the express provisions of the leases, had paid to the defendants $2,200 as "the last two months rentals in advance". However, there was no provision in the agreement of the parties for the adjustment of these rents.
Plaintiff redeemed the property from the foreclosure and defendants delivered their warranty deed conveying the property to plaintiff. Thereafter, plaintiff discovered the provisions in the leases for advance rental payments and commenced this action demanding judgment against defendants for $2,200 on the theory that defendants became indebted to them in this amount by operation of the warranty deed. The trial court so held, and from its judgment for plaintiff, defendants appeal.
The question thus presented is whether the conveyance of a fee title by warranty *469 deed obligates the grantor to pay to the grantee the rents collected by grantor prior to the conveyance for a part of a term unexpired at the time of conveyance.
Where land subject to a lease is conveyed, the reversion passes to the grantee. Rent which has already accrued at the time of the conveyance is personalty and does not pass to the grantee. The owner of the reversion on the day the rent is payable is entitled to the full amount of such rent payment. Thus, between successive owners of the reversion, the owner of the reversion at the time rent becomes due is entitled to the entire sum then accruing although his ownership has not extended over the whole period for which the rent is paid. See 3 H. Tiffany, The Law of Real Property § 881 (3d ed.); 1A G. Thompson, Real Property §§ 195, 197, and Vol. 8a, § 4450; 2 American Law of Property, §§ 9.44, 9.45 (A. J. Casner ed.); 52 C.J.S. Landlord and Tenant § 516; 49 Am. Jur.2d Landlord and Tenant §§ 530, 549; R. Patton and C. Patton, Patton on Land Titles, § 161, note 69.
[3] Defendants were the owners of the reversion at the time the rents were due and were paid to them pursuant to the written leases. These rents when paid became the personal property of the defendants. The subsequent transfer of the reversion entitled the plaintiff to the unaccrued rents that fell due thereafter, but was ineffective to transfer to plaintiff any rights in the rents which had previously been paid to defendants on the dates they were due under the terms of the leases.
The defendants filed a counterclaim asking relief in the nature of rescission. They offered in the pleadings to return to plaintiff the money it had paid in purchasing the redemption rights and in redeeming the property from the foreclosure. Defendants asked judgment ordering plaintiff to reconvey the property to them. At trial, defendants failed to establish any right to relief based on the counterclaim and the trial court properly entered judgment against defendants on their counterclaim.
The judgment dismissing the counterclaim is affirmed; and the judgment in favor of the plaintiff is reversed.
SILVERSTEIN, C. J., and DUFFORD, J., concur.