507 P.2d 1106 (1973)
Margaret M. WILLIS, Plaintiff-Appellee,
v.
Sherman W. NEILSON, Defendant-Appellant.
No. 72-071.
Colorado Court of Appeals, Div. II.
March 13, 1973.
*1108 Seavy & Jensen, Vasco J. Seavy, Jonathan M. Dreger, Pueblo, for plaintiff-appellee.
Louis J. Stuart, Carl W. Gellenthien, Pueblo, for defendant-appellant.
Selected for Official Publication.
DWYER, Judge.
This is an appeal by defendant Sherman W. Neilson from a judgment foreclosing a lien claimed by plaintiff Margaret Willis on real property standing in defendant's name.
The judgment was entered in an action submitted upon an agreed statement of facts summarized as follows. Plaintiff was formerly married to defendant's brother, Harvey L. Neilson. Plaintiff and Harvey L. Neilson were divorced in 1958, and in the decree of divorce, the court approved and incorporated therein a stipulation between the parties. The stipulation provided that plaintiff would receive from Harvey L. Neilson or his estate, the sum of $100 per month for the remainder of her life or until she remarried and that, in the event Harvey L. Neilson predeceased plaintiff, his estate would be liable to the plaintiff for the payment of $100 per month. It further provided that certain described real estate then owned by Harvey L. Neilson "shall be and remain, except by agreement of the parties hereto, security for the payment of such sum." The stipulation entered into in the divorce action was recorded in 1958. During March of 1968, Harvey L. Neilson conveyed the property by quitclaim deed to his brother, Sherman W. Neilson, defendant in the present action. Harvey L. Neilson died April 7, 1968, and no letters testamentary or of administration were issued for his estate.
The parties also agreed that in January of 1968 Harvey L. Neilson filed a motion in the divorce action to reduce the monthly payments, that said motion was pending and undetermined at the time of Harvey L. Neilson's death, and that subsequently, on plaintiff's motion, an order for abatement was entered in the divorce action. The agreed statement of facts further recited that defendant did not continue to make the monthly payments after his brother's death and that defendant claims to hold title to the land conveyed to him by his deceased brother free of the lien asserted by plaintiff in the action.
The parties further agreed that: "The issue to be determined is whether or not the plaintiff has an enforceable lien as against the defendant in the present action, and whether or not said lien may be enforced against the real property now owned by the defendant in this action." The court resolved the issues in favor of plaintiff, found that she had a valid lien against the property standing in defendant's name, and entered a judgment of foreclosure. We affirm the judgment.
The lien, which plaintiff claims, attached to specific property owned by Harvey L. Neilson by operation of the divorce decree. A judgment lien which attaches to specific property of a party during his lifetime is not dissolved by his death, but survives and is enforceable against the real estate of the decedent. Corporation of America v. Marks, 10 Cal. 2d 218, 73 P.2d 1215, 114 A.L.R. 1162; McHugh v. martin, 198 Md. 173, 81 A.2d 623. Such lien may be enforced by the lienholder without filing a claim against the estate and independently of the estate proceeding. See In Re Estate of Blanpied v. Robinson, 155 Colo. 133, 393 P.2d 355; Townsend v. Thompson, 24 Colo. 411, 51 P. 433; Sullivan v. Sheets, 22 Colo. 153, 43 P. 1012. The defendant's title under the quitclaim deed is subject to plaintiff's previously perfected and recorded lien. See Berman v. Sinclair Refining Co., 168 Colo. 332, 451 P.2d 742. Plaintiff's valid and subsisting lien was properly enforced in the present action.
Defendant asserts that plaintiff's lien was extinguished, or that her right to pursue the present action to enforce the lien was extinguished, by the order abating the divorce action. There is no merit to this contention. Plaintiff's lien was created *1109 by the judgment of the court based upon the stipulation of the parties. The judgment became final. The subsequent order of abatement terminated the proceedings relative to the motion which Neilson had filed to reduce the payments to the wife, but it had no effect upon the final judgment which created the lien.
Defendant also contends that the plaintiff cannot maintain this action because no party was substituted as a defendant in the divorce action following the death of Harvey L. Neilson. There is no merit to this contention. C.R.C.P. 25 authorizes substitution of a proper party where defendant dies and the claim against him is not extinguished by his death. This rule has no application to the present controversy. In the present action, plaintiff seeks no relief against her deceased former husband and is not pursuing any claim which was pending against the defendant in the divorce action. Plaintiff is seeking to enforce against specific real property a lien which became vested upon entry of the divorce decree.
Defendant also contends that plaintiff's action is barred since no letters testamentary or of administration were issued for the estate of Harvey L. Neilson within one year after the date of his death. Under the Colorado statutes, if letters are issued for the estate of a decedent, a creditor must file his claim before the date specified in the notice to creditors or the claim is barred. C.R.S.1963, XXX-XX-XX(1).[1] If no letters are issued within one year of the date of decease, the statute provides that all claims of creditors shall be barred. C.R.S.1963, 153-7-3.[2] These statutes which bar the claims of unsecured creditors provide that valid liens of secured creditors are not affected. A secured creditor may disregard the estate and proceed against his security. In Re Estate of Blanpied v. Robinson, supra.
The defendant also contends that plaintiff's lien is extinguished by operation of C.R.S.1963, 118-5-12, which provides:
"The lien created by any instrument shall be extinguished, regardless of any other provision herein to the contrary at the same time that the right to commence a suit to enforce payment of the indebtedness secured by the lien is barred by any statute of limitation of this state."
Defendant contends that plaintiff's lien is extinguished because any right she had to enforce payment of the indebtedness by the estate is barred by C.R.S. 1963, 153-7-3. However, C.R.S.1963, 118-5-12, being of limited applicability, Birkby v. Wilson, 92 Colo. 281, 19 P.2d 490, does not apply to the nonclaim statutes. The nonclaim statutes specifically preserve the right of a secured creditor to pursue his security and operate to preserve plaintiff's lien.
Judgment affirmed.
SILVERSTEIN, C. J., and ENOCH, J., concur.
NOTES
[1] "All claims to be filed.(1) All claims, including unmatured and contingent claims, shall be filed on or before the date fixed in the notice to creditors as the last date for filing claims, and if not so filed, shall be forever barred against said estate,. . . the failure to file a claim shall not affect or prevent any action or proceeding to enforce any mortgage, pledge or other lien upon property of the estate."
[2] "Creditor's claims, when barred.If such letters are not issued within the time specified, all claims of creditors shall be forever barred, and the purchasers of the property of the deceased from the heirs of the deceased shall in such case take the same free from any lien of the claims of the creditors. This section and section 153-7-2 shall not affect the lien upon the encumbered property of any claim secured by valid recorded mortgage or deed of trust or by valid pledge accompanied by delivery of possession."