**Joe PRIMOCK, Plaintiff-Appellant,**

**v.**

**James M.K. JEW, Defendant-Appellee.**

**No. 83CA0817.**

Colorado Court of Appeals,
Div. III.

April 19, 1984.

West & Weaver, P.C., John W. Weaver, Denver, for plaintiff-appellant.

Philip E. Lowery, P.C., Philip E. Lowery, Scot W. Nolte, Denver, for defendant-appellee.

VAN CISE, Judge.

In this action for damages for breach of covenants in a lease, plaintiff, Joe Primock, appeals a judgment of dismissal entered by the trial court on motion of defendant, James M.K. Jew, at the end of plaintiff's counsel's opening statement. We reverse.

■ In effect, the trial court dismissed the action for failure to state a claim for relief. *See* C.R.C.P. 12(b)(5). Therefore, in reviewing the propriety of the court's granting of the motion, we must consider the allegations in plaintiff's complaint as true. *Abts v. Board of Education*, 622 P.2d 518 (Colo.1980); *Colorado National Bank v. F.E. Biegert Co.*, 165 Colo. 78, 438 P.2d 506 (1968).

The allegations were that, in February 1981, plaintiff became the owner of certain

commercial property in Denver. This property was subject to a five year lease ending July 31, 1981, between plaintiff's predecessor in title as lessor and defendant as lessee. In the lease, defendant agreed to keep the improvements in good repair and, at the termination of the lease, "to surrender and deliver up said premises in as good order and condition as when the same were entered upon, loss by fire, inevitable accident or ordinary wear excepted."

It was further alleged that, when defendant surrendered possession and vacated the premises on August 31, 1981, the improvements were in a state of disrepair, as a result of which plaintiff was damaged. Plaintiff commenced this action to recover the amount of those damages.

 The trial court dismissed the case because plaintiff had not pled and did not have an assignment of the lease from his predecessor in title. Plaintiff claims this was error, that the covenants in the lease ran with the land, that he acquired the rights and obligations of the original lessor from the time the property was conveyed to him, and that a separate assignment from the original lessor to him was not necessary. We agree.

Absent a specific reservation or exception contained in the deed, "a grantor conveys his entire right, title and interest, subject, of course, to any outstanding leases or encumbrances." *Berman v. Sinclair Refining Co.,* 168 Colo. 332, 451 P.2d 742 (1969). A separate assignment of lessor's interest in the lease is not necessary. *Reltron Corp. v. Voxakis Enterprises, Inc.,* 57 A.D.2d 134, 395 N.Y.S.2d 276 (1977). *See Veatch v. Philip J. Lasky, Inc.,* 29 Colo.App. 31, 477 P.2d 468 (1970); *Baber v. Baber,* 28 Colo.App. 530, 474 P.2d 630 (1970).

 Covenants to repair and to surrender in good condition run with the land. The right to enforce any such covenant not yet breached passes to the grantee with the conveyance of the ownership of the property. *Cote v. A.J. Bayless Markets, Inc.,* 128 Ariz. 438, 626 P.2d 602 (App.1981). Con-

versely, the deed gives the grantee no right to proceed for a prior breach. *Foss v. Stanton,* 76 Vt. 365, 57 A. 942 (1904).

The covenant to surrender the premises in good condition cannot be breached until the end of the term. Therefore, no action will lie against lessee until that time. *Cote, supra.*

Plaintiff admitted on oral argument that his claim was limited to breach of this covenant and to the damages accruing as a result of that breach. For purposes of this appeal, we must assume that this covenant was breached and that there were such damages. Plaintiff was the proper party to bring this action, dismissal of the action before completion of trial was error, and the action must be reinstated.

The judgment of dismissal is reversed, and the cause is remanded for further proceedings consistent with this opinion.

STERNBERG and METZGER, JJ., concur.