Edward ALBERICO, Plaintiff–Appellant,

v.

HEALTH MANAGEMENT SYSTEMS, INC., and Colorado Department of Health Care Policy and Financing, Defendants–Appellees.

No. 99CA0800.

Colorado Court of Appeals, Div. V.

June 22, 2000.

Cozier and Associates, LLC, Cliff Cozier, Englewood, Colorado, for Plaintiff–Appellant.

Machol & Johannes, P.C., James A. Kaplan, Denver, Colorado, for Defendant–Appellee Health Management Systems, Inc.

Ken Salazar, Attorney General, Ann Hause, Assistant Attorney General, Denver, Colorado, for Defendant–Appellee Colorado Department of Health Care Policy and Financing.

Opinion by Judge RULAND.

In an action to determine the validity of certain real estate liens, plaintiff, Edward Alberico, appeals from the summary judgment in favor of defendants, Health Management Systems, Inc., (HMS) and the Colorado Department of Health Care Policy and Financing (DHF). We affirm.

As pertinent here, DHF is the state agency charged with administrating the Colorado Medical Assistance Act (CMAA), § 26–4–101, et seq., C.R.S.1999. See § 26–4–104(1), C.R.S.1999. Pursuant to a contract with DHF, HMS assists in obtaining reimbursement for medical assistance payments made to Medicaid recipients.

In 1992, plaintiff's mother began residing in a nursing home. To qualify for Medicaid assistance, it was necessary that she have less than $2,000 in resources. However, the mother's primary residence was properly excluded in calculating the $2,000 resource requirement. See 42 U.S.C. § 1382b(a)(1)(2000); Department of Health Care Policy & Financing § 3.220.23, 9 Colo. Code Reg. 2503–1. DHF determined that plaintiff's mother was eligible and began paying her benefits.

In 1993, acting pursuant to a power of attorney, plaintiff conveyed his mother's residence by quitclaim deed to an inter-vivos revocable trust for nominal consideration. His mother was the initial beneficiary of the trust. Plaintiff recorded the deed, but neither plaintiff nor his mother informed DHF of the transfer. At that time, DHF had paid in excess of $16,000 in benefits on behalf of the mother. DHF continued to pay benefits following the conveyance.

In March of 1994, an attending physician determined that plaintiff's mother could not reasonably expect to return to her home to live. Accordingly, DHF directed HMS to file a lien on the mother's residence to secure reimbursement for benefits paid. HMS did so, and then it continued to file updated liens as additional benefits accrued. During this time, plaintiff periodically completed applications for benefits on behalf of his mother. However, he failed to disclose the transfer of the residence notwithstanding the written re-

quirement on the application forms that he "report any changes ... in resources, etc. as soon as they happen."

At her death in 1996, Medicaid payments on behalf of plaintiff's mother exceeded $100,000. The residence was sold and $112,839 of the proceeds was placed in escrow pending resolution of the issues in this case.

Plaintiff commenced this action seeking a determination that defendants' liens were invalid. Plaintiff also brought a tort claim against HMS for interference with his inheritance. Defendants filed counterclaims requesting that their liens be declared valid and enforceable.

Following submission of cross-motions for summary judgment, the trial court granted judgment in favor of defendants on the basis that the conveyance of the residence was void as to defendants under § 38–10–111, C.R.S. 1999. On this basis, the court ruled that DHF's liens were valid. The court also granted defendants' motion to dismiss plaintiff's tort claim. On appeal, plaintiff challenges only the trial court's ruling on the validity of the liens.

In resolving the issues on appeal, we must independently review the record and evaluate the motions for summary judgment in the same manner as the trial court. *See Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board*, 901 P.2d 1251 (Colo. 1995). Entry of summary judgment is proper if, as here, there are no disputed issues of material fact, and the only issues for decision present legal questions. *See Kaiser Foundation Health Plan v. Sharp*, 741 P.2d 714 (Colo.1987).

## I.

Plaintiff contends that the trial court erred in its ruling because, he argues, defendants' liens were invalid under the applicable federal statute and regulations. Specifically, plaintiff asserts that his mother became ineligible for Medicaid payments as a result of the conveyance of her residence to the trust. According to plaintiff, in order to enforce any lien based upon ineligibility, defendants were required first to obtain a court judgment to recover "incorrect payments" under 42 U.S.C. § 1396p(a)(1)(A)(2000).

Defendants respond that the liens are valid to secure repayment of benefits under 42 U.S.C. § 1396p(a)(1)(B)(2000) because the transfer of the property into the trust was void as to them under § 38–10–111. Hence, they argue the benefits were correctly paid under the federal statute. We agree with defendants and the trial court's ruling.

States participating in the federal Medicaid program must comply with certain federal requirements. *See* 42 U.S.C. § 1936a (2000). Colorado participates in Medicaid pursuant to the CMAA. *See* § 26–4–101, et seq.

Under the Medicaid program, the residence of a beneficiary formerly could lose its exempt status and become a countable resource if it was transferred into a trust as defined in the former version of 42 U.S.C. § 1396a(k). *See* Consolidated Omnibus Budget Reconciliation Act of 1985, Pub.L. No. 99–272, § 9506, 100 Stat. 82 (1985)(codified at 42 U.S.C.1936a(k))(repealed 1993). Under 42 U.S.C. § 1396p(b)(2000), a state agency can recover benefits paid from either the recipient's estate or from the sale of property subject to a lien. *See* § 26–4–403.3(3), C.R.S. 1999; Department of Health Care Policy & Financing § 8.063.13, 10 Code Colo. Reg. 2505–10.

In order to secure any recovery, DHF must comply with the federal provisions regarding "liens, adjustments and recoveries of medical assistance correctly paid, transfers of assets, and treatment of certain trusts." 42 U.S.C. § 1396a(a)(18)(2000).

Under 42 U.S.C. § 1396p, only two exceptions exist to the general prohibition against imposing liens upon an individual's property prior to death. The first exception permits an agency to file a lien "pursuant to the judgment of a court on account of benefits *incorrectly* paid" for that individual. *See* 42 U.S.C. § 1396p(a)(1)(A)(emphasis supplied). The second exception authorizes state agencies to file liens on the real property of an individual:

[W]ith respect to whom the state determines, after notice and opportunity for a

hearing ... that he cannot reasonably be expected to be discharged from the medical institution and to return home.

See 42 U.S.C. § 1396p(a)(1)(B)(ii). Although the language in this provision does not distinguish between incorrect and correct payments, the relevant federal regulation limits this provision to recovery of correctly made payments. See 42 C.F.R. § 433.36 (2000).

■ Here, after it was determined that plaintiff's mother would not return to live in her residence, defendants were authorized to file a lien against her residence to secure recovery for benefits correctly paid. See 42 U.S.C. § 1396p(a)(1)(B)(ii). Accordingly, plaintiff does not dispute that defendants' lien is valid as to the approximately $16,000 in benefits paid prior to the conveyance of the residence.

As to the other benefits paid, § 38–10–111 provides, in relevant part:

[A]ll deeds of gift, all conveyances, and all transfers ... verbal or written, of ... real property, made in trust for the use of the person making the same shall be void as against the creditors existing of such person.

■ We conclude that the express language of § 38–10–111 invalidates the conveyance to the trust as to DHF because it was a creditor at the time of the transfer. See In re Baum, 22 F.3d 1014 (10th Cir.1994)(§ 38–10–111 invalidates transfer to a trust as to creditors existing at the time). Because the conveyance was invalid as to DHF, title to the residence remained in plaintiff's mother. See Concord Corp. v. Huff, 144 Colo. 72, 355 P.2d 73 (1960)(a void deed conveys no title). It necessarily follows that the benefits were thus correctly paid on behalf of plaintiff's mother and the liens to secure those payments were valid under 42 U.S.C. § 1396p(a)(1)(B)(ii).

In so concluding, we reject plaintiff's argument that § 38–10–111 conflicts with the Medicaid Act. Defendants complied with the applicable state and federal laws in determining eligibility and imposing a lien based on the information supplied to them by plaintiff. Conversely, § 38–10–111 does not provide additional or conflicting requirements for eli-gibility or recovery. Instead, the statute simply invalidates a conveyance to a trust made when creditors have outstanding claims at the time of the conveyance. Indeed, at least one other court has held that a public welfare official is not precluded from using state debtor and creditor law to set aside an allegedly fraudulent transfer so as to recover under social services law. See Crabb v. Mager's Estate, 66 A.D.2d 20, 412 N.Y.S.2d 508 (N.Y.A.D.1979).

Because we find no conflict between the federal and state statutes, we view Gorman v. Tucker ex rel. Edwards, 961 P.2d 1126 (Colo.1998), inapplicable here in resolving the issues on appeal.

■ To the extent plaintiff asserts that defendants are not entitled to enforce the lien because they failed to follow their own regulations in determining his mother's eligibility, we note that it was plaintiff's failure to disclose the trust conveyance on the application forms that deterred DHP from properly reassessing eligibility. We find nothing in the statutes or regulations that obligates DHF to search the public records for information that it is authorized to require an applicant for benefits to supply. Thus, we conclude that defendants' liens are valid and enforceable against the mother's residence.

## II.

■ We also reject plaintiff's contention that the Uniform Probate Code non-claim statute, § 15–12–803(3)(a), C.R.S.1999, bars defendants' claims. As holders of a valid lien, defendants were secured creditors and, thus, were not required to file a claim against plaintiff's mother's estate. See Willis v. Neilson, 32 Colo.App. 129, 507 P.2d 1106 (1973)(where lien attaches to property before decedent's death, the lien may be enforced without filing a claim against the estate).

## III.

Lastly, we reject plaintiff's remaining contention that there is insufficient information in the record to support several of the trial court's findings. Plaintiff has not demonstrated how any of these findings, even if

erroneous, either impact the result reached or preclude entry of summary judgment.

The judgment is affirmed.

Judge CASEBOLT and Judge STERNBERG * concur.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, sec. 5(3), and § 24–51–1105, C.R.S.1999.