Dylan Michael STELL, Plaintiff–
Appellant,

v.

**COLORADO DEPARTMENT OF HEALTH CARE POLICY AND FINANCING, Defendant–Appellee.**

No. 02CA1811.

Colorado Court of Appeals,
Div. II.

May 8, 2003.

Rehearing Denied June 19, 2003.

Certiorari Granted Nov. 17, 2003.

Sagrillo, Hammond & Dineen, LLC, Robert L. Sagrillo, Lana L. Steven, Denver, Colorado; William L.E. Dussault, P.S., William L.E. Dussault, Seattle, Washington, for Plaintiff–Appellant.

Ken Salazar, Attorney General, Ann Hause, First Assistant Attorney General, Laurie A. Schoder, Assistant Attorney General, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge MARQUEZ.

In this Medicaid trust case, Dylan Michael Stell, appeals the district court's judgment affirming the final agency decision issued by the Colorado Department of Health Care Policy and Financing (Department). The Department held that Stell's disability trust failed to meet federal and state statutory requirements and that the county department correctly considered assets in the trust to be countable resources for determining Stell's medical assistance eligibility. We affirm.

Stell was disabled in a construction accident and received a large sum of money as a result of his personal injury claim. This money was placed in a trust for his benefit. He was receiving Medicaid benefits when he submitted this proposed disability trust for review by the Department.

The Department recommended termination of his benefits because it objected to the trust provisions requiring that (1) burial expenses and taxes be paid before the Department is reimbursed for the cost of medical care and (2) the Department file a creditor's claim upon termination of the trust.

Stell appealed the proposed termination. The administrative law judge (ALJ) determined that under certain state statutes, the Department's "objections to the trust were not well founded." The ALJ further determined that the trust assets should not be counted for purposes of determining Stell's Medicaid eligibility and that Stell's Medicaid benefits should not be discontinued.

However, the Department's Office of Appeals rejected the ALJ's interpretation of the statutes and concluded that the trust assets were countable. In affirming this decision, the trial court concluded that the trust failed to meet the requirements of state and federal statutes, under which the Department "is to receive any amount remaining in the Trust upon the death of the beneficiary without any condition and with absolute priority."

I.

Stell contends that the decision regarding the trust exclusively involves the Depart-

ment's interpretation of existing statutes and regulations, which are based upon questions of law, and that thus our review is de novo. The Department contends that the judicial review statute prescribes review of the Department's action under an arbitrary and capricious standard. Because the underlying facts are not contested, the determinative issues require interpretation of statutes and regulations. To that extent, our review is de novo.

A reviewing court may reverse an administrative agency's determination if the court finds that the agency acted in an arbitrary and capricious manner, made a determination that is unsupported by the evidence in the record, erroneously interpreted the law, or exceeded its constitutional or statutory authority. Section 24–4–106(7), C.R.S.2002; *Ohlson v. Weil*, 953 P.2d 939 (Colo.App.1997).

■ Interpretation of a regulation by the agency charged with its enforcement is generally entitled to great deference. The agency interpretation is to be accepted if it has a reasonable basis in law and is warranted by the record. *Ohlson v. Weil, supra.*

■ The interpretation of statutes is a question of law that is reviewed de novo. In construing a statute, a court must ascertain and give effect to legislative intent, looking primarily to the statutory language employed by the General Assembly. *See Colorado Department of Revenue v. City of Aurora*, 32 P.3d 590 (Colo.App.2001).

## II.

■ Stell contends the state probate law permits the payment of burial expenses and taxes before the Department is reimbursed for medical expenses. Conversely, the Department contends that federal and state law require that it be reimbursed upon termination of the trust prior to any other expenditure. We agree with the Department.

■ Title XIX of the Social Security Act, 42 U.S.C. §§ 1396–1396v (1993), commonly known as the Medicaid Act, is a joint federal-state funding program designed to provide medical assistance to persons whose income and resources are insufficient to meet the costs of medical care. Although a state's participation is voluntary, once a state chooses to participate in the program, it must comply with federal statutory and regulatory requirements. *See Ohlson v. Weil, supra; see also Ramey v. Reinertson*, 268 F.3d 955 (10th Cir.2001).

Section 1396p governs the treatment of trust amounts for the purpose of determining an individual's eligibility for Medicaid benefits. The statute provides for an exclusion of trust amounts from the countable assets of a disabled individual under age sixty-five "if the State will receive all amounts remaining in the trust upon the death of such individual up to an amount equal to the total medical assistance paid on behalf of the individual under a State plan." 42 U.S.C. § 1396p(d)(4)(A); *see Norwest Bank v. Doth*, 159 F.3d 328 (8th Cir.1998).

■ Federal law thus permits a state to allow applicants to exclude their income from the Medicaid eligibility calculation by establishing a trust. *See Colorado Department of Health Care Policy & Financing v. Estate of Roberts*, 18 P.3d 813 (Colo.App.2000).

Colorado participates in Medicaid through the Colorado Medical Assistance Act, § 26–4–101, et seq., C.R.S.2002. *See Ohlson v. Weil, supra; Alberico v. Health Management Systems, Inc.*, 5 P.3d 967 (Colo.App. 2000).

A disability trust for an individual under sixty-five years of age who is disabled as that term is defined in the Medicaid Act may be established under § 15–14–412.8, C.R.S.2002, of the Colorado Probate Code. Under § 15–14–412.8(2), C.R.S.2002, a disability trust is not valid unless, as pertinent here, it meets all the following criteria:

(b) The trust provides that, upon the death of the beneficiary or termination of the trust during the beneficiary's lifetime, whichever occurs sooner, the [Department] receives any amount remaining in the trust up to the total medical assistance paid on behalf of the individual.

(c) The sole lifetime beneficiaries of the trust are the individual for whom the trust is established and the state medical assistance program. After the death of the

person for whom the trust is created or after the trust is terminated during the beneficiary's lifetime, whichever occurs sooner, no person is entitled to payment from the remainder of the trust until the state medical assistance agency has been fully reimbursed for the assistance rendered to the person for whom the trust was created.

Further, no disability trust is valid unless the Department has reviewed it and determined that it conforms to the requirements of the statute and any rules adopted by the medical services board pursuant to § 26–4–506.6, C.R.S.2002. *See* § 15–14–412.8(4), C.R.S.2002.

The medical services board rules additionally require that "[n]o expenditures may be made after the death of the beneficiary" and "the amount remaining in the trust and an accounting of the trust shall be due to the [Department] within three months after the death of the individual or termination of the trust." *See* Medical Services Board Rule 8.110.52B.4.b.1.i & j, 10 Code Colo. Regs. 2505–10.

### A.

Contrary to Stell's position, a disability trust cannot allow for payment of taxes and burial expenses prior to reimbursement of the Department upon termination of the trust. The Department has the highest priority with respect to the remainder in a disability trust and must be compensated in full upon termination of the trust prior to any other expenditures. *See* 42 U.S.C. § 1396p(d)(4)(A); § 15–14–412.8(2)(c); Rule 8.110.52B.4.b.1.i.

Stell, however, relies on § 15–12–805(1), C.R.S.2002, to support his contention that the law permits the payment of other expenses. Specifically, Stell notes that the Department's claims, if any, are listed in priority after payment of funeral and burial expenses and taxes. We conclude that this statute does not apply here.

■ Section 15–12–805(1) provides, in relevant part, that claims against the estate of a decedent shall be paid by the personal representative in the following order:

(b) Other costs and expenses of administration;

(c) Reasonable funeral and burial, interment, or cremation expenses;

(d) Debts and taxes with preference under federal law;

. . .

(f.5) The claim of the department of health care policy and financing for the net amount of medical assistance, as defined in section 26–4–403.3(5), C.R.S., paid to or for the decedent . . . .

Here, the trust provides that the "following shall be paid as priority debts of the Trust estate . . . (i) the costs of funeral, burial, cremation, or other disposal of beneficiary's remains . . . [and] (ii) all income or other taxes owed by the trust." The trust also provides that:

[Stell] shall have no interest in either the principal or income of this Trust. . . . [N]o part of the corpus, whether principal or undistributed income, shall be construed as part of the beneficiary's "estate" or be subject to the claims of voluntary or involuntary creditors for the provision of goods, care, and services, including residential care, by any public entity, office, department or agency of the State of Colorado or any other state, county, municipal, federal or other governmental entity, department or agency, except specifically provided for otherwise in this instrument.

Stell's reliance on § 15–12–805(1) is misplaced because under this trust provision, the trust funds would not be included in his estate and thus would not be subject to that statute.

Further, the qualification of the trust for exemption from the Medicaid calculation, as opposed to its eventual distribution, is determined by the criteria set forth in § 15–14–412.8, not § 15–12–805(1). Section 15–14–412.8 does not refer to § 15–12–805(1), and § 15–12–805(1) does not refer to disability trusts. As pertinent here, a reasonable interpretation of § 15–12–805(1) is that it would apply to the Department's claims against assets of the estate, but not against the funds in a disability trust.

Finally, even if the remaining trust funds were considered part of the estate, § 15–12–805(1)(f.5) refers to claims for medical assistance as defined in § 26–4–403.3(5). The latter statute expressly makes § 15–12–805(1) subordinate to any limitation concerning estate recovery in the Medicaid Act:

> Subject to any limitations concerning estate recovery in [§ ] 1396p, as amended, the amount of any medical assistance paid pursuant to the provisions of this article is a claim against the estate pursuant to the provisions of section 15–12–805(1), C.R.S.

Nothing in § 26–4–403.3(5) refers to disability trusts or indicates that its provisions cover the distribution of the assets of such trusts.

Given the clear language of the federal and state statutes, as well as the rules adopted by the medical services board, we agree with the Department that this trust does not meet the terms of § 15–14–412.8.

### B.

██ The Department further asserts that a disability trust is not subject to the claims filing requirements of § 15–12–803, C.R.S. 2002. We agree.

The trust requires that:

> Upon any termination of the trust, if the Trust Advisory Committee has knowledge that [Stell] has received local, state or federal medical or long term care assistance funded either directly or indirectly pursuant to [the Medicaid Act], the Committee shall so advise the Trustee, and the Trustee shall notify the appropriate agency or agencies ... and request that the agency submit to the Trustee in writing its claim for Medicaid services rendered to the beneficiary. The time for submitting such a claim shall be the same as the period for submitting creditor's claims as established in that jurisdiction for purposes of probate.... The Trustee shall confirm the validity of the claim and pay such claim from the assets remaining in the Trust prior to distribution of the remaining Trust assets. PROVIDED, HOWEVER, that if the remaining Trust assets are insufficient to fully satisfy claims made by more than one state agen-

cy, such claims shall be reimbursed on a pro-rata basis.

Again, Stell relies on a general probate statute, § 15–12–803, regarding limitations on presentation of claims. However, as discussed above, the Department has a first priority right to all amounts remaining in the trust and is not required to file a claim against Stell's estate. *See generally Alberico v. Health Management Systems, Inc., supra* (as lienholders under statutory scheme, defendants not required to file claim). Further, Rule 8.110.52B.4.b.1.j places the burden on the trustee to submit the amount remaining in the trust, along with an accounting, to the Department within three months after termination of the trust. Therefore, Stell's reliance on the statute is misplaced.

Because of our disposition, we do not address Stell's contentions that: (1) he should not be prejudiced by the Department's inability to settle on a final position regarding the trust; (2) the Department failed to take exception to any specific findings of fact or conclusions of law set forth in the initial decision; (3) the Department waived the tax issue; and (4) there is no statutory authority for the position that the trustee of a disability trust shall not review the state's claim for reimbursement.

Consequently, the Department properly considered the trust assets as countable resources in determining Stell's eligibility for Medicaid benefits.

The judgment is affirmed.

Judge NEY and Judge CARPARELLI concur.